**KENTUCKY BAR ASSOCIATION, Complainant,**

v.

**Sterling O. NEAL, Jr., Respondent.**

**No. 98–SC–725–KB.**

Supreme Court of Kentucky.

Feb. 18, 1999.

Jane H. Herrick, Deputy Bar Counsel, Kentucky Bar Association, Frankfort, KY, for Complainant.

Sterling O. Neal, Jr., Louisville, KY, Respondent pro se.

### *OPINION AND ORDER*

In two consolidated cases, the Kentucky Bar Association charged Respondent, Sterling O. Neal, Jr., with six counts of unethical and unprofessional conduct for violating Supreme Court Rule 3.130–1.3 concerning diligence in representation, SCR 3.130–1.4(a) concerning adequate communication with his client, SCR 3.130–8.3(c) for engaging in misconduct through dishonesty, fraud, deceit, or misrepresentation, and SCR 3.130–1.16(d) for failing to take reasonable steps to protect a client's interest upon termination of representation. The Board of Governors found him guilty of all six charges and recommended a two-year suspension. Pursuant to

SCR 3.370(6), Neal requested this Court to review the Board's decision.

These disciplinary actions stem from Neal's representation of Ms. Helen Lynn and Ms. Mattie Mills in two unrelated cases. In April of 1995, Ms. Lynn, whose home had been foreclosed upon and sold, and who was about to be evicted from her home, contacted Neal concerning the foreclosure. Neal made a preliminary investigation and advised Ms. Lynn that she might have a basis to set aside the sale. Ms. Lynn retained Neal to represent her and paid him a retainer of one thousand dollars ($1,000).

In May of 1995, Neal filed a motion to set aside the sale, but that motion, as well as a subsequent motion to reconsider, was denied. Neal then filed a Notice of Appeal on behalf of Lynn with the Court of Appeals. Thereafter, Neal failed to file a brief or to obtain an enlargement of time within which to file a brief. The Court of Appeals issued a show cause order allowing Neal twenty (20) days within which to state the reasons why the appeal should not be dismissed. Neal filed no response, and the Court of Appeals dismissed the appeal in July of 1996. Respondent then filed a "Motion to Set Aside Order of Dismissal," which the court treated as a motion for reconsideration. In this motion, Neal blamed his secretary for failing to mail his statement of appeal, and for failing to notify him of the show cause order. The Court of Appeals denied the motion.

Although Ms. Lynn attended the same church as Neal and repeatedly inquired about the status of her case, Neal did not inform her of his failure to file the appellate brief or of the dismissal of her case. Instead, Neal simply assured her that the case was proceeding satisfactorily and that "things were fine." It was only in November of 1996 that Neal finally informed Ms. Lynn that her appeal had been dismissed. At this time he told her that he had "fumbled her case."

The Board of Governors found Neal guilty of violating the professional rules regarding competence and diligence, communication to his client, and dishonesty, fraud, deceit, or misrepresentation. The evidence is suffi-

client to sustain the Board's findings that, in violation of SCR 3.130–1.3, Neal failed to diligently pursue Lynn's appeal which resulted in its dismissal, that in violation of SCR 3.130–1.4(a), Neal failed to keep his client properly informed, and that, in violation of SCR 3.130–8.3(c), he engaged in misconduct through dishonesty, fraud, deceit, or misrepresentation.

In April of 1996, Ms. Mattie Mills employed Neal to represent her in a pending lawsuit in the United States District Court, Western District of Kentucky. Ms. Mills had filed a pro se action against her former employer. She paid Neal an eight hundred fifty dollar ($850) retainer. Neal never entered his appearance and never filed any pleadings.

Shortly after Mills retained Neal, the defendants filed a motion for summary judgment seeking judgment against Mills. Neal did not file a response to the motion, and thereafter a summary judgment was entered dismissing the complaint. At approximately the same time the motion for summary judgment was pending, Neal met with Ms. Mills and discussed her case. He did not, however, advise her that he was not going to pursue her case further.

Following entry of the summary judgment, Ms. Mills attempted to retrieve her file from Neal, making numerous phone calls which were never returned. Arrangements were ultimately made for Mills to pick up her file, but when she finally took possession of it, she discovered only one of three original boxes of documents were included with the file. Upon reviewing the portion of the file that Neal had returned to her, Ms. Mills discovered a letter addressed to her and signed by Neal, but which was never delivered to her, advising that filing a response to the motion for summary judgment was a "waste of resources" and stating that the Defendants had developed a defense to Mills's action which made it unlikely that Mills would prevail. The letter stated that Neal would not answer the motion for summary judgment unless she instructed him to do so. After the date of the undelivered letter, the client paid Neal an additional three hundred fifty dollars ($350), this amount being paid in varying increments on three different dates.

The Board of Governors found Neal guilty of violating the professional rules regarding competence and diligence, communication to his client, and protection of his client's interest after termination of representation, such as surrendering papers and property of the client. The evidence is sufficient to sustain the Board's findings that, in violation of SCR 3.130–1.3, Neal failed to diligently practice Mills's case, which resulted in the summary judgment against her, that in violation of SCR 3.130–1.4(a), Neal failed to keep his client properly informed, and that, in violation of SCR 3.130–1.16(d), he failed to promptly surrender Mills's entire file to her.

Having reviewed the Board's decision, it is this Court's decision to adopt the Board's recommendation.

WHEREFORE, IT IS ORDERED that Respondent, Sterling O. Neal, Jr., be, and is hereby, suspended from the practice of law in Kentucky for the period of two years from the date of entry of this order, and until such further time as he is reinstated by order of this Court pursuant to SCR 3.510.

In accordance with SCR 3.450(1), Respondent is directed to pay all costs associated with this disciplinary proceedings against him, said sum being $1,768.13, and for which execution may issue from this Court upon finality of this opinion and order.

Pursuant to SCR 3.390, Respondent shall, within ten (10) days from the entry of this order, notify all clients in writing of his inability to represent them and furnish copies of said letters of notice to the Director of the Kentucky Bar Association. He shall also provide such notification to all courts in which he has matters pending.

All concur.

ENTERED: February 18, 1999.

/s/ <u>Joseph E. Lambert</u>
Chief Justice