**KENTUCKY BAR ASSOCIATION, Petitioner**

v.

**Rodney McDANIEL, KBA Member No. 46027, Respondent.**

**No. 2005–SC–0494–KB.**

Supreme Court of Kentucky.

Aug. 25, 2005.

Bruce K. Davis, Executive Director, Jay R. Garrett, Kentucky Bar Association, Frankfort, Counsel for Petitioner.

Rodney McDaniel, Frankfort, Counsel for Respondent.

**OPINION AND ORDER**

Rodney McDaniel, KBA No. 46027, of Frankfort, Kentucky, was admitted to the practice of law in Kentucky on October 1, 1976.

On August 13, 2004, previous clients of McDaniel filed a Bar Complaint. McDaniel failed to respond to the copy of the complaint or the reminder letter, each served upon him by the Franklin County Sheriff. The Inquiry Commission of the Kentucky Bar Association filed a four-count charge against McDaniel. Count I alleges violation of SCR 3.130–1.3 for failure to act with reasonable diligence and promptness in representing a client. Count II alleges violation of SCR 3.130–1.4(a) for failure to communicate with the client. Count III alleges violation of SCR 3.130–1.15(b) for failure to return funds belonging to the client. Count IV alleges violation of SCR 3.130–8.1(b) that he knowingly failed to respond to a lawful demand for information from a disciplinary authority.

In addition to another pending case before this Court, 2005–SC–172–KB, McDaniel has been privately admonished on two prior occasions for violations of SCR 3.130–1.3 and SCR 3.130–1.4(b). In an order from the Inquiry Commission dated November 6, 2000, he was informally privately admonished pursuant to SCR 3.185 for failing to appear at a hearing as the attorney for defendant facing contempt charges for failing to attend drug counseling. On July 10, 2002, he was again informally privately admonished pursuant to

SCR 3.185 for accepting appointment of a client, after which he made one single attempt to contact the client.

The complaint underlying these charges alleges that on January 27, 2003, a husband and wife gave McDaniel a check for $150 in order to cover the filing fees of a defamation lawsuit to be brought by the husband. The complaint stated that the lawsuit was never filed. In addition, only after these clients made several attempts to contact him did McDaniel respond. At that time, he promised to refund the $150 filing fee. On August 13, 2004, they filed the ensuing bar complaint.

On October 30, 2004, the Franklin County Sheriff served McDaniel with a copy of the complaint. Because he failed to respond, on December 2, 2004, the Franklin County Sheriff again served him with a reminder letter dated November 30, 2004.

McDaniel did not answer any of the communications or file a response.

On February 8, 2005, the sheriff served McDaniel with a copy of the Inquiry Commission charges. Because he did not respond, a letter dated March 22, 2005 was mailed to McDaniel to remind him.

McDaniel failed to respond to the Inquiry Commission charges.

The Board of Governors noted prior discipline and pending charges. In a vote of 18–0, they found him guilty of Counts I, II, III, and IV.

The Board considered that *Harry E. Sykes, Jr. v. Kentucky Bar Ass'n*, 968 S.W.2d 90 (Ky.1998) and *Kathy Lynn Munroe v. Kentucky Bar Ass'n*, 927 S.W.2d 839 (Ky.1996), each suspended lawyers for 30 days for similar violations. Given the previous discipline coupled with the pending case and failure to refund the fee, however, the Board sought more severe discipline. It noted that SCR 3.510(3) requires a member suspended for more than 180 days to be referred to the Character and Fitness Committee. Accordingly, by a vote of 13 members, it recommended a 181–day suspension and that McDaniel be required to refund the $150 to the complainants. The remaining five members recommended a 1–year suspension instead of 181–days.

Considering the above facts, we find Rodney McDaniel guilty of violating SCR 3.130–1.3, 1.4(a), 1.15(b), and 8.1(b) as charged.

Based on the foregoing, we find that the similarity of violations in the past when coupled with McDaniel's lack of response to the instant charges presents a cause for temporary suspension under SCR 3.165(1)(b), which provides that a suspension is appropriate where "it appears that probable cause exists to believe that an attorney's conduct poses a substantial threat of harm to his clients or to the public."

THEREFORE IT IS HEREBY ORDERED as follows:

(1) Respondent, Rodney McDaniel, is hereby suspended from the practice of law in the Commonwealth of Kentucky for a period of one hundred eighty-one (181) days.

(2) Prior to reinstatement, respondent must refund the $150.00 to his clients who were the subject of these violations.

(3) In accordance with SCR 3.450 and SCR 3.480(3), respondent is directed to pay all costs associated with this disciplinary proceeding against him in the amount of $108.77, for which execution may issue from this Court upon finality of this order.

(4) Pursuant to SCR 3.390, respondent is hereby ordered to provide notice to any clients, if applicable, he currently represents of his inability to provide further legal services, to notify all courts in which

he has matters of his pending suspension and to provide the Director of the Kentucky Bar Association with a copy of all such letters simultaneously to their mailing.

(5) This suspension shall run concurrently with any other disciplinary suspension.

All concur.

ENTERED: August 25, 2005.

/s/ Joseph E. Lambert
  Chief Justice