**KENTUCKY BAR ASSOCIATION,**
**Petitioner,**

v.

**Rodney McDANIEL, KBA Member**
**No. 46027, Respondent.**

No. 2005–SC–0172–KB.

Supreme Court of Kentucky.

Aug. 25, 2005.

Bruce K. Davis, Executive Director, Jay R. Garrett, Kentucky Bar Association, Frankfort, Counsel for Petitioner.

Rodney McDaniel, Frankfort, Counsel for Respondent.

## OPINION AND ORDER

LAMBERT, Chief Justice.

Rodney McDaniel, KBA No. 46027, of Frankfort, Kentucky, was admitted to the practice of law in Kentucky on October 1, 1976.

On August 2, 2004, the Inquiry Commission of the Kentucky Bar Association filed a five-count charge against McDaniel. Count I alleges violation of SCR 3.130–1.3 for failure to act with reasonable diligence and promptness in representing a client. Count II alleges violation of SCR 3.130–3.2 for failure to make reasonable efforts to expedite litigation consistent with the interests of the client. Count III alleges violation of SCR 3.130–3.4(c) for allegedly knowingly or intentionally disobeying an obligation under the rules of a tribunal except for an open refusal based on assertion that no obligation exists. Count IV alleges violation of SCR 3.130–3.4(d) for deliberate failure to make a reasonably diligent effort to comply with a legally proper discovery request by an opposing party. Count V alleges that he knowingly failed to respond to a lawful demand for information from a disciplinary authority.

McDaniel has been privately admonished on two prior occasions for violations of SCR 3.130–1.3 and SCR 3.130–1.4(b). In an order from the Inquiry Commission dated November 6, 2000, he was informally privately admonished pursuant to SCR 3.185 for failing to appear at a hearing as the attorney for defendant facing contempt charges for failing to attend drug counseling. On July 10, 2002, he was again informally privately admonished pursuant to SCR 3.185 for accepting appointment of a client, after which he made a single attempt to contact the client.

The facts of the instant action concern the representation of eight prison inmates who filed a civil rights complaint against the Franklin County Correctional Complex. Originally, these inmates filed *pro se*. On October 18, 2001, McDaniel entered his appearance on behalf of the plaintiffs and filed a motion to amend the complaint. The motion was granted.

In March 2002, he met with opposing counsel and issued the joint status conference report requested by the court. In August 2002, the defendants served discovery requests on McDaniel. In a motion dated December 6, 2002, the defendants asked to dismiss or, in the alternative, to alter and to compel discovery because McDaniel had failed to respond to the August requests. On January 7, 2003, the court dismissed the case with prejudice for failure to answer discovery requests.

On January 21, 2003, McDaniel answered a show cause order and motioned for the establishment of new discovery deadlines. He explained that he was busy with a capital murder case and requested that the court not dismiss the case, order sanctions against him, and issue new scheduling deadlines. Two days later, the court set aside the dismissal and ordered sanctions in the amount of the costs paid by defendants to file the motion to dismiss. McDaniel paid those costs.

In the renewed case, McDaniel obtained the depositions of three of the plaintiffs, but failed to respond to the earlier discovery requests. Later, on June 16, 2003, the defendants filed another motion to dismiss citing that they had received no answers to discovery requests and that the plaintiffs had not taken any depositions in order to support their claims against the defendants. McDaniel did not respond to the motion. The case was dismissed.

In February 2004, the Franklin County Sheriff served McDaniel with a copy of the pending disciplinary complaint. Again, in March, the Sheriff served him a copy of the complaint and a reminder letter. McDaniel did not answer the discipline complaint.

On August 18, 2004, he was served with the charges from the Inquiry Commission, and again served a warning letter on September 8, 2004. McDaniel did not answer the Inquiry Commission Charges.

The Board of Governors received no explanation of his conduct from McDaniel, and noted the facts outlined above. In a vote of 15–0, they found him guilty of Counts I, II, III, and IV. In an 11–4 vote, the Board found him guilty of Count V.

 The legal authorities regarding discipline cited by the KBA are unconvincing. Previous discipline by the KBA has not been sufficient to cure the problem. A review of this case demonstrates a pattern of neglect and disregard for the interests of his clients and for the orders of the federal court as well as the disciplinary charges filed against him. The past discipline in the form of two private admonitions has not rehabilitated this pattern of conduct, nor has he approached the KBA with an explanation of his charged deficiencies.

Accordingly, it is the finding of this Court that Rodney McDaniel has violated SCR 3.130–1.3; SCR 3.130–3.2; SCR 3.130–3.4(C); SCR 3.130–3.4(D) and SCR 3.130–8.1(B).

Therefore, it is hereby ORDERED:

That Rodney McDaniel is suspended from the practice of law in the Commonwealth of Kentucky for a period of 30 days; pursuant to SCR 3.450, McDaniel is directed to pay the costs associated with this matter in the sum of $498.26, for which execution may issue from this Court upon finality of this Opinion and Order.

All concur.