**KENTUCKY BAR ASSOCIATION, Complainant,**

v.

**Rodney McDANIEL (KBA Member No. 46027), Respondent.**

**No. 2006–SC–0230–KB.**

Supreme Court of Kentucky.

June 15, 2006.

## OPINION AND ORDER

LAMBERT, Chief Justice.

The Kentucky Bar Association ("KBA") brought this action against Respondent, Rodney McDaniel, on September 20, 2005, for violations of SCR 3.130–1.3 (lack of diligence); SCR 3.130–1.4(b) (failure to adequately explain a matter to the client); SCR 3.130–3.2 (failure to expedite litigation); SCR 3.130–8.3(c) (conduct involving dishonesty, fraud, deceit or misrepresentation); and SCR 3.130–8.1(b) (failure to respond to a lawful demand for information from a disciplinary authority).

Respondent was admitted to the bar on October 1, 1976. His disciplinary history includes two private reprimands, a thirty-day suspension from the practice of law on August 25, 2005, *Ky. Bar Ass'n v. McDaniel,* 170 S.W.3d 400 (Ky.2005), and a one hundred and eighty-one-day suspension from the practice of law on August 25, 2005, *Ky. Bar Ass'n v. McDaniel,* 169 S.W.3d 540 (Ky.2005). He has not been reinstated. This action arose from a bar complaint filed by Thomas Kiser on February 5, 2005. Mr. Kiser alleges that Respondent represented him on a 42 U.S.C. § 1983 case against Franklin County, but failed to prosecute the case, resulting in dismissal of the action. The records of the United States District Court for the Eastern District of Kentucky substantiate his allegations. According to Mr. Kiser, Respondent failed to keep him informed regarding the status of his case. When he inquired, he alleges that Respondent told him the case was proceeding well, even though Respondent knew the case had been dismissed. Mr. Kiser did not discover that the case had been dismissed until he personally went to the courthouse. He was unsuccessful in his attempt to have the order of dismissal set aside.

Respondent has failed to respond to any communications about this matter, despite personally signing for all correspondence. As a result of Respondent's failure to answer, the Chair of the Inquiry Commission submitted the matter to the Board of Governors for default judgment under SCR 3.210(1). The Board of Governors considered the charge at its meeting on January 20, 2006. The uncontradicted allegations of Mr. Kiser and the records of the United States District Court for the Eastern District of Kentucky indicate that Respondent is guilty of all charges: he was not diligent in representing his client, SCR 3.130–1.3; he did not communicate with his client, SCR 3.130–1.4(b); he did not expedite the litigation, SCR 3.130–3.2; he was dishonest in his communications with his client, SCR 3.130–8.3(c); and he failed to respond to lawful demands for information from a disciplinary authority, SCR 3.130–8.1(b). Based on this evidence, the Board of Governors found him guilty on all counts by a vote of fifteen to zero, with five members absent and one member abstaining, and

recommended a punishment of two years suspension from the practice of law to be served consecutively to his prior disciplinary suspensions. The nature and extent of Respondent's prior discipline was an important factor in the Board's recommended punishment. We agree with the recommendation of the Board of Governors and adopt it in full pursuant to SCR 3.370(10). Accordingly, IT IS HEREBY ORDERED that:

1. Respondent, Rodney McDaniel, is hereby suspended from the practice of law in the Commonwealth of Kentucky for a period of two (2) years, to run consecutively to any other disciplinary suspension.

2. In accordance with SCR 3.450, Respondent is directed to pay all costs associated with these disciplinary proceedings against him, said sum being $278.25, for which execution may issue from this Court upon finality of this opinion and order.

3. Pursuant to SCR 3.390, Respondent is hereby ordered, if he has not already done so, to provide notice to any clients he currently represents of his inability to provide further legal services, to notify all courts in which he has matters pending of his suspension and to provide the Director of the Kentucky Bar Association with a copy of all such letters simultaneously to their mailing.

All concur.

ENTERED: June 15, 2006.

/s/ Joseph E. Lambert
    Chief Justice