KENTUCKY BAR ASSOCIATION,
Petitioner,

v.

Rodney McDANIEL, Respondent.

No. 2006–SC–0352–KB.

Supreme Court of Kentucky.

Aug. 24, 2006.

**OPINION AND ORDER**

The Kentucky Bar Association (KBA) moves this Court to declare Respondent,

---

Rodney McDaniel, KBA Member No. 46027, 147 Northwood Road, Frankfort, KY 40601, guilty of numerous charges brought in two cases before the Association. The KBA also moves this Court to enter an Order suspending Respondent from the practice of law in Kentucky for thirty (30) days to run consecutive to his prior discipline. We so find and enter an Order of Additional Suspension.

## I. KBA File 12550

Respondent was properly served a charge by the Inquiry Commission on January 9, 2006, alleging four violations of the Rules of Professional Conduct in connection with his representation of Anthony Hammons in a criminal matter. Respondent did not respond to the charge or file a response in this action.

In representing Mr. Hammons, Respondent filed a Motion to Vacate, Set Aside, or Correct the Sentence on December 30, 2003. In response, the government filed a Motion to Dismiss Respondent's Motion. Respondent failed to respond in any way to this Motion to Dismiss filed by the government or otherwise follow up on Mr. Hammons' case. The bar complainant, Mr. Hammon's stepfather, stated that Respondent falsely told him that he was doing everything that needed to be done in his stepson's case, when in fact he was not. Mr. Hammons hired a different attorney who eventually filed a response to the government's Motion to Dismiss.

The Board of Governors voted 11 to 7 to find Respondent guilty of the following charges, (1) failure to act with reasonable diligence and promptness in representing a client in violation of SCR 3.130–1.3; (2) failure to make reasonable efforts to expedite litigation consistent with the interests of the client in violation of SCR 3.130–3.2; (3) engaging in conduct involving dishonesty, fraud, deceit or misrepresentation in violation of SCR 3.130–8.3(c); and (4) knowingly failing to respond to a lawful demand for information from a disciplinary authority in violation of SCR 3.130–8.1(b).

## II. KBA File 13143

Respondent was properly served a charge by the Inquiry Commission on January 5, 2006, alleging three violations of the Rules of Professional Conduct in connection with his representation of Estill Wamer in a criminal matter. Respondent did not respond to the charge or file a response in this action.

After entering an Alford Plea to a charge of reckless homicide, Mr. Wamer was sentenced to five years in prison in April 2004. Upon being sentenced, Mr. Warner began calling Respondent to ask him to file a Motion for Shock Probation. Respondent was alleged to have never returned Mr. Wamer's calls and to never have filed the Motion for Shock Probation. Respondent was charged with (1) failure to act with reasonable diligence and promptness in representing a client in violation of SCR 3.130–1.3; (2) failure to respond to reasonable requests for information in violation of SCR 3.130–1.4(a); and (3) knowingly failing to respond to a lawful demand for information from a disciplinary authority in violation of SCR 3.130–8.1(b).

Because it was later discovered that Respondent did file a motion to suspend further execution of Mr. Warner's sentence on January 28, 2005, the Board of Governors voted 19 to 0 to find Respondent not guilty of Counts I and II. However, the Board found Respondent guilty of Count III by a vote of 13 to 6.

## IV. Conclusion

The record in this case indicates a pattern of noncompliance with the rules of Respondent's chosen profession. Re-

spondent was issued private admonitions in 2000 and 2002, respectively. On August 25, 2005, Respondent was issued concurrent suspensions by this Court for 30 days and for 181 days, respectively, in two unrelated cases. Upon the foregoing facts and charges, we find sufficient evidence to adjudicate Respondent guilty of all counts alleged in KBA File 12550 and of Count III in KBA File 13143. We further hold that in light of Respondent's substantial prior discipline record, the recommendation of the KBA should be adopted. Therefore, it is ORDERED that:

1. Rodney McDaniel, KBA Member No. 46027, is adjudicated guilty of all charges alleged in KBA File 12550 and Count III in KBA File 13143.

2. Rodney McDaniel is hereby suspended from the practice of law in the Commonwealth of Kentucky for a period of thirty (30) days.

3. In accordance with SCR 3.450, Respondent is directed to pay all costs associated with these disciplinary proceedings in the amount of $521.81 for which execution may issue from this Court upon finality of this Order.

4. This suspension shall run consecutively with any other disciplinary suspension.

All concur.

ENTERED: August 24, 2006.

/s/ Joseph E. Lambert
Chief Justice