KENTUCKY BAR ASSOCIATION
Movant

v.

Rodney McDANIEL Respondent

No. 2006–SC–0661–KB.

Supreme Court of Kentucky.

Nov. 22, 2006.

## OPINION AND ORDER

The Kentucky Bar Association (KBA) moves this Court to declare Respondent, Rodney McDaniel, KBA Member No. 46027, 147 Northwood Road, Frankfort, KY 40601, guilty of seven charges brought before the Association. The KBA also moves this Court to permanently disbar Respondent from the practice of law in the Commonwealth of Kentucky. We so find and enter such orders.

### KBA File 12941

Respondent was properly served a complaint by the Inquiry Commission on January 5, 2006, alleging three violations of the Rules of Professional Conduct in connection with a civil judgment entered against Respondent in Franklin Circuit Court. Respondent failed to file a response to the complaint even after a reminder letter was issued. On April 25, 2006, the Inquiry Commission issued a three count charge against Respondent alleging violation of the following rules: SCR 3.130—8.3 (b) (misconduct); SCR 3.130—8.3(c) (misconduct); and SCR 3.130—8.1(b) (bar admission and disciplinary matters). Respondent never filed a response.

On March 2, 2005, the Commonwealth of Kentucky Finance and Administration Cabinet filed a civil complaint pursuant to KRS 135.050 and KRS 141.310(14) against the Respondent in the Franklin Circuit Court stating that he failed to file tax returns for his employees' withholding taxes for three (3) quarterly periods in 2002,

all quarterly periods in 2003, all monthly periods in 2004, and in January 2005. No criminal action was taken. However, failure to pay withholding taxes or to file a return is a Class D felony pursuant to KRS 141.990(5) and is theft of his employees' money, which should be withheld by the employer to pay each employee's portion of the taxes.

On October 27, 2005, a permanent injunction and order to enforce was entered against Respondent. The Commonwealth of Kentucky Finance and Administration Cabinet was awarded the sum of $39,387.76 for taxes, penalties, and interest. A permanent injunction was entered enjoining Respondent from operating his business, and the Franklin County Sheriff was ordered to enforce the injunction by closing and padlocking his business.

The Board of Governors voted 17 to 0 to find Respondent guilty of the following charges, (1) committing a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects in violation of SCR 3.130–8.3(b); (2) engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation in violation of SCR 3.130–8.3(c); and (3) knowingly failing to respond to a lawful demand for information from an admissions or disciplinary authority in violation of SCR 3.130–8.1(b).

### KBA File 13522

Respondent was properly served a complaint by the Inquiry Commission on December 5, 2005, alleging four violations of the Rules of Professional Conduct in connection with a Bar complaint filed by Danedya Wood. Respondent failed to file a response to the complaint even after a reminder letter was issued. On February 28, 2006, the inquiry Commission issued a four count charge against Respondent alleging violation of the following rules:

SCR 3.130–1.3 (diligence); SCR 3.130–1.4(a) (communication); SCR 3.130–1.15(b) (safekeeping property); and SCR 3.130–8.1(b) (bar admission and disciplinary matters). Respondent never filed a response.

On or about January 18, 2005, Danedya Wood asked Respondent to prepare a strawman deed in order to reflect her maiden name on the deed to her property following her divorce. Ms. Wood gave Respondent the original deed that she obtained when the property was conveyed to her.

On February 23, 2005, Ms. Wood faxed a letter to Respondent asking him if he needed any document from her divorce in order to prepare the strawman deed changing her name. On March 2, 2005, Ms. Wood faxed another letter to Respondent asking him to provide her with a bill showing how much she owed him, and to send the original deed back to her. Respondent did not respond to the letter.

Ms. Wood made several phone calls to Respondent's office. She never spoke to him but left several messages for him to call her. He never returned her calls. Ms. Wood never received her original deed from Respondent.

The Board of Governors voted 17 to 0 to find Respondent guilty of the following charges, (1) failing to act with reasonable diligence and promptness in representing a client in violation of SCR 3.130–1.3; (2) failing to keep a client reasonably informed about the status of a matter and promptly complying with reasonable requests for information in violation of SCR 3.130–1.4(a); (3) failing to promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive in violation of SCR 3.130–1.15(b); and (4) knowingly failing to respond to a lawful demand for information from an admissions or disci-

plinary authority in violation of SCR 3.130–8.1(b).

## II. Conclusion

The record in this case indicates clear noncompliance with the rules of Respondent's chosen profession. Respondent was issued a private admonition on October 9, 2000, for a violation of SCR 3.130–1.3 (diligence) and received a second private admonition July 10, 2002, for violations of SCR 3.130–1.3 (diligence) and SCR 3.130–1.4(b) (communication).

Respondent was suspended from the practice of law for thirty (30) days on August 25, 2005, in the case of *Kentucky Bar Association v. Rodney McDaniel*, 170 S.W.3d 400 (Ky.2005) for violating SCR 3.130–1.3, 3.2, 3.4(c), and 8.1(b). Respondent was further suspended for one hundred eighty-one (181) days on August 25, 2005, in the case of *Kentucky Bar Association v. Rodney McDaniel*, 169 S.W.3d 540 (Ky.2005) for violating SCR 3.130–1.3, 1.4(a), 1.15(b), and 8.1(b).

Respondent was then suspended for two (2) years with the suspension to run consecutive with his prior suspensions in the case of *Kentucky Bar Association v. Rodney McDaniel*, 193 S.W.3d 752 (Ky.2006) for violating SCR 3.130–1.3, 1.4(b), 3.2, 8.3(c), and 8.1(b). Furthermore, Respondent was suspended on August 24, 2006 for thirty (30) days with the suspension to run consecutive with his prior suspensions in the case of *Kentucky Bar Association v. Rodney McDaniel*, 199 S.W.3d 739 (Ky. 2006) for violating SCR 3.130–1.3, 3.2, 8.3(c), and 8.1(b).

The latest charges are consistent with a long pattern and practice established by Respondent in which he has failed to adequately represent his clients in a variety of situations. Upon the foregoing facts and charges, we find sufficient evidence to adjudicate Respondent guilty of all counts alleged in KBA Files 13522 and 12941. We further hold that in light of the seriousness of Respondent's conduct and the extensiveness of Respondent's past discipline, the recommendation of the KBA should be adopted. Therefore, it is ORDERED that:

1. Rodney McDaniel, KBA Member No. 46027, is adjudicated guilty of all charges alleged in KBA File 12941.

2. Rodney McDaniel, KBA Member No. 46027, is adjudicated guilty of all charges alleged in KBA File 13522.

3. Rodney McDaniel is hereby permanently disbarred from the practice of law in the Commonwealth of Kentucky for multiple violations of the Rules of Professional Conduct over an extended period of time.

4. In accordance with SCR 3.450, Respondent is directed to pay all costs in the amount of $381.68 associated with these disciplinary proceedings certified by the Disciplinary Clerk, which execution may issue from this Court upon finality of this Order.

5. In accordance with SCR 3.390, Respondent shall, within ten (10) days from the entry of this Opinion and Order:

(a) to the extent possible, cancel and cease any advertising activities in which he is engaged;

(b) notify all clients, in writing, of his inability to represent them;

(c) notify all courts in which he has matters pending of his disbarment from the practice of law;

(d) and furnish copies of said letters of notice to the Director of the Kentucky Bar Association.

All concur.

ENTERED: November 22, 2006.

/s/ Joseph E. lambert
Chief Justice