**KENTUCKY BAR ASSOCIATION,**
Movant,

v.

**Dana Lea B. QUESINBERRY,**
Respondent.

**No. 2008–SC–000064–KB.**

Supreme Court of Kentucky.

April 24, 2008.

### OPINION AND ORDER

The Kentucky Bar Association (KBA) moves this Court to adjudicate Dana Lea B. Quesinberry guilty of violating SCR 3.130–1.3 (Count II), SCR 3.130–1.4 (Count III), SCR 3.130–1.16(d) (Count V), and SCR 3.130–8.1(b) (Count VI), and to find her not guilty of violating SCR 3.130–1.1 (Count I) and SCR 3.130–1.5 (Count IV). The KBA also recommends that Quesinberry be suspended from the practice of law for a period of 181 days commencing upon the entry of this Order. Dana Quesinberry, whose KBA member number is 85504, was admitted to practice law in this Commonwealth on October 21, 1994, and her last known business address is P.O. Box 457, Morehead, Kentucky, 40351. Having reviewed the charges against Quesinberry, we agree with the KBA's recommendation and find her guilty of Counts II, III, V, and VI; find her not guilty with regard to Counts I and IV; and order that she be suspended from the practice of law in this Commonwealth for a period of 181 days.

On June 10, 2005, Mr. and Mrs. Griffitts met with Quesinberry in order to discuss a possible divorce proceeding. Ultimately, Mrs. Griffitts sought representation in the proceeding from Quesinberry and paid her $750.00 for such representation. In July 2005, Mrs. Griffitts contacted Quesinberry and requested that she file the divorce petition. Following this request, Mrs. Griffitts made efforts to contact Quesinberry, such as sending emails and leaving phone messages, however, she received no response from Quesinberry. Eventually, Mrs. Griffitts went to Quesinberry's office to inquire about the status of her divorce.

Upon arriving at the office, Mrs. Griffitts discovered that it was vacant and had a "For Rent" sign in the window. Although Quesinberry did finally file Mrs. Griffitts's divorce petition on August 25, 2005, she took no further legal action on behalf of Mrs. Griffitts.

In January 2006, Mrs. Griffitts filed a bar complaint against Quesinberry with the KBA. Seven months later, after Quesinberry had received the original complaint and a reminder letter, she contacted Mrs. Griffitts and sent her a check for $450.00. On August 14, 2007, the Inquiry Commission issued a six-count charge against Quesinberry alleging the following violations: SCR 3.130–1.1 (competence), SCR 3.130–1.3 (diligence), SCR 3.130–1.4 (communication), SCR 3.130–1.5 (reasonable fee), SCR 3.130–1.16(d) (termination of representation), and SCR 3.130–8.1(b) (failure to respond). Although Quesinberry received the charge through personal service on August 27, 2007, and the Inquiry Commission mailed her a reminder letter on October 31, 2007, Quesinberry has yet to respond to these allegations.

■ On November 16, 2007, Quesinberry's case came before the Board of Governors as a default case pursuant to SCR 3.210. The Board of Governors found by a unanimous vote that Quesinberry was guilty of violating four of the six counts charged against her. They found that Quesinberry violated SCR 3.130–1.3 by failing to diligently represent her client in a divorce proceeding, SCR 3.130–1.4 by failing to adequately communicate with her client regarding the status of the client's case, SCR 3.130–1.6(d) by abandoning the representation without notice to her client and failing to refund the unearned portion of the fee, and SCR 3.130–8.1(b) for knowingly failing to respond to a lawful demand for information from an admissions or disciplinary authority. The Board of Gover-

nors also found by a vote of 14 to 2 that Quesinberry was not guilty of violating SCR 3.130–1.1 in her representation of Mrs. Griffitts, which requires lawyers to provide competent representation to their clients, and not guilty of violating SCR 3.130–1.5, which prohibits lawyers from charging unreasonable fees.

■ After finding Quesinberry guilty of four of the counts set forth in the charge, the Board was informed of her prior disciplinary history. In determining the proper penalty, the Board of Governors considered that since March 2006, Quesinberry has received several disciplinary sanctions from this Court, including a private admonition, a public reprimand, and a thirty-day suspension that was probated for one year on the condition that Quesinberry attend four hours of remedial ethics training. Although two members of the Board voted for a 90–day suspension consecutive with her other prior discipline, and two other members voted for a 61–day suspension concurrent with her prior suspensions, 12 members of the Board recommended that Quesinberry receive a 181–day suspension from the practice of law. Due to Quesinberry's unethical conduct in this instance and her prior disciplinary actions, we agree with the Board of Governors and adopt the recommendations made by KBA.

Therefore, it is hereby ORDERED that:

1. Dana Lea B. Quesinberry is adjudicated guilty of violating SCR 3.130–1.3, SCR 3.130–1.4, SCR 3.130–1.16(d), and SCR 3.130–8.1(b).

2. Quesinberry is suspended from the practice of law in the Commonwealth of Kentucky for a period of one-hundred-eighty-one (181) days, effective from the date of this order. Should Quesinberry, thereafter, seek to have her license restored, she must be processed by the Character and Fitness Committee. Fur-

ther, the Character and Fitness Committee will have an opportunity, should it be appropriate, to impose any requirements regarding the Kentucky Lawyer's Assistance Program (KYLAP) prior to restoration.

3. In accordance with SCR 3.390, Quesinberry is ordered to send letters to all Courts in which she has matters pending and all clients for whom she is actively involved in litigation within ten days of this Order notifying them of her inability to continue to represent them and advising them of the necessity of retaining new counsel. Quesinberry shall also provide a copy of such letters to the Director of the KBA and cease advertising activities.

4. Pursuant to SCR 3.450, Quesinberry is ordered to pay all costs associated with these disciplinary proceedings, said sum being $133.35, and for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: April 24, 2008.

/s/ Joseph E. Lambert

Chief Justice