**KENTUCKY BAR ASSOCIATION,**
Movant,

v.

**Dana Lea B. QUESINBERRY,**
Respondent.

**No. 2008–SC–000286–KB.**

Supreme Court of Kentucky.

Aug. 21, 2008.

## OPINION AND ORDER

MINTON, Chief Justice.

The Kentucky Bar Association (KBA) moves this Court to enter an order imposing a 181–day suspension from the practice of law against Dana Lea Quesinberry. Quesinberry was admitted to the practice of law in Kentucky on October 21, 1994. Her bar roster address is P.O. Box 457, Morehead, Kentucky 40351. Her KBA number is 85504. Quesinberry has not responded to the charges against her. We therefore adopt the recommendations of the KBA.

This complaint arises from Quesinberry's representation of Shayne Gilbert and her husband in their uncontested divorce. Quesinberry offered to represent the Gilberts pro bono, because Ms. Gilbert's aunt worked for Quesinberry. Quesinberry filed a divorce petition, and all parties appeared in court, in the summer of 2005. The court instructed Quesinberry to prepare a final decree for entry, but she failed to ever do so. Ms. Gilbert filed a complaint with the KBA in April of 2006.

Quesinberry was personally served with the Bar Complaint, but failed to respond.

The Inquiry Commission issued a three-count charge against Quesinberry: violation of SCR 3.130–1.3 (Count I) (diligence); violation of SCR 3.130–1.4 (Count II) (communication); and violation of SCR 3.130–8.1(b) (Count III) (failure to respond). Quesinberry was personally served with the charge on September 27, 2007 and was sent a reminder letter on October 24, 2007.

Quesinberry eventually contacted KBA bar counsel, and was advised that she had until November 5, 2007 to file an answer to the charge. However, Quesinberry failed to file an answer. As a result, the charge was before the KBA Board of Governors (Board) by default. By a vote of 19–0, the Board found Quesinberry guilty of all three Counts.

The Board was then informed of Quesinberry's prior discipline. Quesinberry has previously received a private admonition, a public reprimand, a 30–day suspension from the practice of law, and a 61–day suspension from the practice of law for similar conduct.

At the time the Board made its recommendation to this Court, another charge was pending against Quesinberry (Griffitts Charge), arising out of Quesinberry's failure to file a divorce petition for a client named Mrs. Griffitts. On April 24, 2008, this Court entered an order against Quesinberry with regard to the Griffitts Charge, adjudicating Quesinberry guilty of violating SCR 3.130–1.3 (diligence), SCR 3.130–1.4 (communication), SCR 3.130–1.16(d) (protection of client's interests upon termination of representation), and SCR 3.130–8.1(b) (failure to respond). This Court ordered that Quesinberry be suspended from the practice of law for 181 days.

In the instant proceeding, the Board recommends that Quesinberry be suspended from the practice of law for 181 days, to run concurrently with the suspension recommended in the Griffitts Charge (which was still pending before this. Court at the time the Board made its recommendation). Quesinberry's conduct in the charge currently before this Court is similar to, and occurred at very nearly the same time as, the conduct in the Griffitts Charge.

Quesinberry has failed to respond to the KBA's charges against her. Given Quesinberry's unethical conduct, we agree with the recommendations of the Board. Therefore, it is hereby ORDERED that:

∎ 1. Dana L. Quesinberry is adjudicated guilty of violating SCR 3.130–1.3, SCR 3.130–1.4, and SCR 3.130–8.1(b).

∎ 2. Quesinberry is suspended from the practice of law in the Commonwealth of Kentucky for a period of 181 days. This suspension shall run concurrently with the 181–day suspension entered by this Court against Quesinberry on April 24, 2008. Should Quesinberry, thereafter, seek to have her license restored, she must be processed by the Character and Fitness Committee. Further, the Character and Fitness Committee will have an opportunity, should it be appropriate, to impose any requirements regarding the Kentucky Lawyer's Assistance Program (KYLAP) prior to restoration.

3. Quesinberry is directed, under SCR 3.390, to send letters to all courts in which she has matters pending and to all clients for whom she is actively involved in litigation, informing them of her suspension. Quesinberry shall provide copies of such letters to the Director of the KBA if she did not do so after her April 24, 2008 suspension.

4. Quesinberry is ordered, pursuant to SCR 3.459, to pay all costs associated with these disciplinary proceedings, certified in the amount of $140.88, for which execution may issue from this Court upon finality of this order.

All sitting. All concur, except VENTERS, J., not sitting.