**KENTUCKY BAR ASSOCIATION,**
**Movant,**

v.

**Charles C. LEADINGHAM,**
**Respondent.**

**No. 2009–SC–000815–KB.**

Supreme Court of Kentucky.

Aug. 26, 2010.

See also, 302 S.W.3d 79; 281 S.W.3d 284; 269 S.W.3d 419; 44 S.W.3d 374.

## OPINION AND ORDER

Charles C. Leadingham, KBA Member Number 82296, was admitted to the practice of law in the Commonwealth of Kentucky on October 30, 1987. His Bar Roster address is 215 15th Street, P.O. Box 387, Ashland, Kentucky 41105. Before the Court is the Board of Governors' Findings of Fact, Conclusions of Law and Recommendations of December 17, 2009, which found the Respondent guilty, by default, of not diligently representing clients in two appeals and in failing to respond to the Court of Appeals' show cause orders concerning said appeals. The Board of Governors recommended that Respondent be suspended from the practice of law for sixty-one days. This Court issued a Notice of Review under SCR 3.370(9), to review the Board of Governors' recommended discipline. The KBA filed a brief addressing the appropriate discipline, while the Respondent did not.

The case before us[1] involved the Respondent's representation of two different clients in two separate Court of Appeals cases. In the first case, Respondent represented the appellants in the case of *Ricky Joe Caudill, et al. v. Christina Dawn Ratliff,*[2] an appeal from the Greenup Circuit Court. Respondent filed the notice of appeal but did not file a brief in the Court of Appeals. The Court of Appeals filed a notice directing the Respondent to file either a motion for additional time or a motion to dismiss. Respondent did not respond, which resulted in the Court of Appeals ordering the Respondent to show cause why a fine should not be imposed for failure to comply with the above notice. Respondent failed to respond and the court imposed a $500.00 fine and ordered Respondent to file the appellants' brief. Respondent ignored the di-

---

1. KBA File No. 17650.

2. 2006–CA–002327–MR.

rective and the appeal was eventually dismissed.

In the second case before the Court of Appeals, *Jimmie Carrol Lockridge v. Velma Darlene Lockridge,*[3] an appeal from the Lawrence Circuit Court, the Respondent represented the appellant, and filed a timely notice of appeal. However, the Respondent was issued a show cause order for failing to file a pre-hearing statement. Respondent failed to respond. The Court of Appeals issued an order directing the appellant to retain new counsel and to show cause why the appeal should not be dismissed. New counsel appeared before the Court, was substituted as counsel, and filed the necessary motion.

Based on the Respondent's failure to prosecute these two cases before the Court of Appeals, he was charged with a violation of SCR 3.130–1.3 for his failure to represent his clients in the two cases with reasonable diligence and promptness. For Respondent's failure to respond to the orders of the Court of Appeals in both cases, he was charged with a violation of SCR 3.130–3.4(c) for knowingly or intentionally disobeying an obligation under the rules of a tribunal. Respondent failed to answer either charge, and the case came before the Board of Governors by default. The Board recommended that Respondent be found guilty of both charges.

The Board of Governors reviewed the Respondent's file of prior discipline to determine the appropriate discipline in this case. Respondent is a frequent offender. In January 2010, we suspended the Respondent from the practice of law for 120 days, retroactive to May 20, 2009, for his representation in two previous cases.[4]

The facts as found by the Trial Commissioner, which we adopted, found that Respondent was accepting fees from clients and not doing the work (the same as in the case now before us).

Respondent also received a sixty-one-day suspension on March 19, 2009,[5] for four violations of the Rules of Professional Conduct. More specifically, he was charged with violations of SCR 3.130–1.3 (reasonable diligence and promptness in representing a client), SCR 3.130–1.4 (keeping a client reasonably informed), SCR 3.130–1.15(b) (returning unearned funds), and SCR 3.130–8.1(b) (fully responding to a demand for information from a disciplinary authority). These charges stemmed from the Respondent's accepting a client and a fee to litigate against the former owners of the client's house. Respondent failed to file the suit, failed to return the client's phone calls, failed to keep the client informed about the case, failed to return any of the fee, and failed to respond to the Board of Governors.

Respondent received a thirty-day suspension on November 26, 2008, probated for one year on the condition that Respondent attend the Ethics and Professionalism Program during 2009, for violating SCR 3.130–3.4(c) and SCR 3.130–8.1(b).[6] In this case, Respondent represented two clients in two separate Court of Appeals cases. One case was dismissed when the Respondent failed to file a brief, and the other was dismissed when he failed to file the brief or a motion to dismiss. Respondent would not respond to the Inquiry Commission's demands for information in either case.

---

3. 2008–CA–000655–MR.

4. *Kentucky Bar Ass'n v. Leadingham,* 302 S.W.3d 79 (Ky.2010).

5. *Kentucky Bar Ass'n v. Leadingham,* 281 S.W.3d 284 (Ky.2009).

6. *Kentucky Bar Ass'n v. Leadingham,* 269 S.W.3d 419 (Ky.2008).

Finally, Respondent received a public reprimand on May 23, 2001, for violations of SCR 3.130–1.4(a) and SCR 3.130–1.16(d), when he undertook representation of a client in a divorce case.[7] Respondent failed to return phone calls and a letter from the client, and failed to notify the client that he would no longer represent the client.

In the case now before us, after reviewing and considering Respondent's prior discipline, the Board of Governors recommended suspension for sixty-one days with costs. Respondent did not respond to the Board of Governors' recommendation to this Court. This Court was concerned with the pattern of Respondent's conduct and was of the opinion that intervention may be required at this stage to protect both the public and the Respondent. Therefore, we issued a Notice of Review, pursuant to SCR 3.370(9), on March 18, 2010. The Movant, the Kentucky Bar Association, filed a brief but the Respondent did not. The Movant noted that on February 11, 2010, the KBA filed an objection[8] to the automatic reinstatement of Respondent after expiration of the 120–day suspension issued January 21, 2010,[9] for failure to pay restitution, failure to pay costs, and the pendency of other open cases.

The Respondent's case is similar to *Kentucky Bar Association v. Quesinberry*, 250 S.W.3d 308 (Ky.2008), wherein this Court suspended counsel for 181 days for failing to diligently represent a client in a divorce proceeding, for failing to adequately communicate with her client, for failing to refund the unearned portion of her fee, and for failing to respond to requests for information from a disciplinary authority. Quesinberry also had prior disciplinary sanctions, including a private admonition, a public reprimand, and a thirty-day suspension probated for one year on the condition that she attend four hours of remedial ethics. Quesinberry had a subsequent disciplinary charge in *Kentucky Bar Association v. Quesinberry*, 260 S.W.3d 786 (Ky. 2008), wherein she was again suspended for 181 days for failing to diligently represent a client, for failing to adequately communicate with the client, and for failing to respond to requests for information from a disciplinary authority. This 181–day suspension was to be served concurrently with the previous suspension.

The Respondent's case is very similar, if not worse, in severity to Quesinberry's charges. More importantly in our consideration of a 181–day suspension is SCR 3.510(1), which requires that no member suspended for longer than 180 days resume practice until reinstated by this Court. Also, SCR 3.505(1) requires the Character and Fitness Committee to review all applications for reinstatement of persons suspended for over 180 days. It is our opinion that a sixty-one day suspension is inadequate. The nature of Respondent's offenses in multiple cases, together with his prior disciplinary record, merits, at a minimum, a 181–day suspension. Before Respondent can be reinstated to the practice of law, he needs to be investigated and evaluated by the Character and Fitness Committee, for not only the protection of the public, but for Respondent's own welfare.

Therefore, it is hereby ORDERED that:

1. Charles C. Leadingham is adjudicated guilty of violating SCR 3.130–1.3, and SCR 3.130–3.4(c).

---

7. *Leadingham v. Kentucky Bar Ass'n,* 44 S.W.3d 374 (Ky.2001).

8. Pursuant to SCR 3.510(2).

9. 302 S.W.3d 79.

2. Charles C. Leadingham is hereby suspended from the practice of law in the Commonwealth of Kentucky for a period of 181 days, effective from the date of this order. Said suspension is to be served **consecutive to** any and all suspensions ordered prior to, or the same date as, this suspension. When, or if, Charles C. Leadingham seeks reinstatement of his license, his application shall be reviewed by the Character and Fitness Committee. The Character and Fitness Committee shall require the Respondent to be evaluated by the Kentucky Lawyer's Assistance Program (KYLAP), and if appropriate, impose additional requirements before or after reinstatement.

3. Pursuant to SCR 3.390, Charles C. Leadingham shall send letters to all Courts in which he has matters pending, if any, and to all clients whom he is actively representing, if any, within ten days of this Opinion and Order, notifying them of his inability to continue to represent them and advising them of the necessity of retaining new counsel. Charles C. Leadingham shall also provide a copy of such letters to the Director of the KBA and cease advertising activities, if any.

4. Pursuant to SCR 3.450, Charles C. Leadingham is ordered to pay all restitution, fines, and costs of all his disciplinary proceedings, and the costs of this disciplinary proceeding, said sum being $253.27, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: August 26, 2010.

/s/ John D. Minton, Jr.
    Chief Justice