RENDERED: SEPTEMBER 28, 2017
TO BE PUBLISHED



Supreme Court of Kentucky

2017-SC-000141-KB

KENTUCKY BAR ASSOCIATION                                    MOVANT

V.                          IN SUPREME COURT

DELBERT KEITH PRUITT                                        RESPONDENT

## OPINION AND ORDER

Delbert Keith Pruitt, Kentucky Bar Association (KBA) Number 87872, was admitted to the practice of law in the Commonwealth of Kentucky on October 29, 1999, and his bar roster address is listed as 321 Ferry St., Metropolis, IL 62960. The Board of Governors found Pruitt guilty of violating SCR 3.130-1.4(a)(3) (two counts), -1.4(a)(4), -3.4(c), and -8.1(b). For these violations, the Board unanimously recommends Pruitt: 1) be suspended from the practice of law for 181 days, to run concurrent with any current suspension; 2) be referred to the Kentucky Lawyer Assistance Program (KYLAP); and 3) pay all associated costs. For the following reasons, we adopt the Board's recommendation.

# I. BACKGROUND

This case concerns two separate complaints to the KBA. Pruitt failed to respond to either of the charges, and they reached the Board as default cases pursuant to SCR 3.210. In addition to the matters currently before the Court, Pruitt was privately admonished in 2006 and was suspended for sixty-one days in 2016.

## A. KBA File 22631

On February 20, 2014, Michael Orendoff filed a bar complaint against Pruitt. Orendoff alleged he hired Pruitt to defend him in a matter, but Pruitt failed to file an answer in his case. Pruitt filed a response to Orendoff's complaint, indicating that he had drafted the answer, and believed he had mailed it. Pruitt asserted he returned Orendoff's retainer when he learned the court had not received the document he thought he had mailed. During that time period, Pruitt's wife had suffered a stroke and later died. Pruitt asserted that he suffered from depression.

The Inquiry Commission determined a private admonition was the proper discipline, conditioned upon Pruitt's participation in KYLAP. As a result, the terms of the admonition required Pruitt to send Bar Counsel quarterly updates confirming his participation in the program. Pruitt did not submit the KYLAP reports, and KYLAP indicated he had not participated in the program.

Given Pruitt's failure to follow through with the condition of his discipline, the Inquiry Commission issued a two-count charge against him. Count I asserted Pruitt violated SCR 3.130-1.4(a)(3) when he failed to keep

2

Orendoff reasonably informed concerning the status of his case. Count II asserted Pruitt violated SCR 3.130-3.4(c) when he "knowingly disobey[ed] an obligation under the rules of a tribunal . . . ." Pruitt did not answer the charge.

### B. KBA File 16-DIS-24372

Clayton Kennedy had hired Pruitt to represent him in a divorce action. On March 24, 2016, Kennedy filed a bar complaint against Pruitt, alleging Pruitt had failed to promptly and adequately communicate with Kennedy during the pendency of the divorce. Pruitt did not file a response to the complaint.

The Inquiry Commission charged Pruitt in a two-count charge. Count I asserted Pruitt violated SCR 3.130-1.4(a)(3), (4) when he failed to keep Kennedy reasonably informed about the status of his divorce and when he failed to "promptly comply with reasonable requests for information." Count II asserted Pruitt violated SCR 3.130-8.1(b) when he failed "to respond to a lawful demand for information from an admissions or disciplinary authority . . . ." Pruitt did not answer the charge.

## II. BOARD'S RECOMMENDATION

In KBA File 22631, the Board voted 17 to 0 to find Pruitt guilty of both charges. In KBA File 16-DIS-24372, the Board voted 16 to 1 to find Pruitt guilty of Count I, and voted 17 to 0 to find him guilty of Count II. Thereafter, the seventeen members of the Board unanimously recommended that Pruitt: 1) be suspended from the practice of law for 181 days, to be served concurrently with any other suspensions; 2) be referred to KYLAP for evaluation and

3

assistance as necessary; and 3) pay all costs associated with these disciplinary proceedings.

### III. ADOPTION OF BOARD'S RECOMMENDATION

Pursuant to SCR 3.370(9),[1] this Court adopts the unanimous recommendation of the Board given: 1) the significance of Pruitt's violations, 2) the fact that aside from filing an initial response in one of the cases, he has failed to respond to any correspondence, and 3) his disciplinary history. Our precedent supports the Board's recommendation. For example, in *Kentucky Bar Ass'n v. Quesinberry*, 260 S.W.3d 786, 788 (Ky. 2008), we suspended Quesinberry for 181 days for violating SCR 3.130-1.3, SCR 3.130-1.4, and SCR 3.130-8.1(b). In that case (much like Pruitt's), Quesinberry failed to file a divorce decree for her client and failed to respond to the KBA charges brought against her. Agreeing that the Board's recommended sanction is appropriate, it is ORDERED that:

1. Pruitt is found guilty of the above-described and admitted violations of the Rules of Professional Conduct and thus suspended from the practice of law for 181 days; and

2. Pruitt is hereby referred to KYLAP for evaluation and assistance as necessary; and

---

[1] SCR 3.370(9) provides that "[i]f no notice of review is filed by either of the parties, or the Court under paragraph eight (8) of this rule, the Court shall enter an order adopting the decision of the Board or the Trial Commissioner, whichever the case may be, relating to all matters."

3. In accordance with SCR 3.450, Pruitt is directed to pay all costs associated with these disciplinary proceedings against him, said sum being $484.88, for which execution may issue from this Court upon finality of this Opinion and Order; and

4. Pursuant to SCR 3.390, Pruitt shall, within ten days from the entry of this Opinion and Order, notify all Kentucky clients, in writing, of his inability to represent them; notify, in writing, all Kentucky courts in which he has matters pending of his suspension from the practice of law; and furnish copies of all letters of notice to the Office of Bar Counsel of the KBA. Furthermore, to the extent possible, Pruitt shall immediately cancel and cease any advertising activities in which he is engaged.

Minton, C.J.; Hughes, Keller, VanMeter, Venters, and Wright; JJ., concur. Cunningham, J., not sitting.

ENTERED: September 28, 2017.

CHIEF JUSTICE

5