TO BE PUBLISHED

# Supreme Court of Kentucky

2024-SC-0375-KB

IN RE: WILLIAM DAVID RYE

IN SUPREME COURT

## OPINION AND ORDER

William David Rye moves this Court, pursuant to Supreme Court Rule (SCR) 3.480(2), to impose a sanction of a two-year suspension from the practice of law for his violations of the Rules of Professional Conduct (SCR). The Kentucky Bar Association (KBA) Office of Bar Counsel (OBC) has no objection to Rye's motion. For the following reasons, Rye's motion for negotiated sanction is granted, and the following sanctions imposed.

## I.     FACTS AND BACKGROUND

Rye was admitted to the practice of law in this Commonwealth on October 23, 2000 (KBA member number 88550). His bar roster address is P.O. Box 1039, Hopkinsville, Kentucky 42241.

The record reveals that Rye has a history of prior discipline dating back to 2007, including a private admonition, two public reprimands, and multiple suspensions from the practice of law.[1] Most recently, on June 15, 2023, Rye

---

[1] Rye's prior disciplinary history consists of multiple violations of the Rules of Professional Conduct pertaining to competence (SCR 3.130(1.1), diligence (SCR

was suspended from the practice of law in this Commonwealth for 181 days as a result of his failure to comply with the terms of his probation as provided in a December 2021 Opinion and Order of this Court. *See Rye v. Ky. Bar Ass'n*, 636 S.W.3d 129, 133 (Ky. 2021). However, it does not appear that Rye has been reinstated to practice law, pursuant to SCR 3.502.

Relevant to his current disciplinary charges, Rye represented Scotty Watson throughout 2019 in his defense to criminal charges of Trafficking in a Controlled Substance, Possession of Drug Paraphernalia, and being a Persistent Felony Offender in the first degree. Watson was ultimately convicted and sentenced to twenty years of imprisonment. In September 2019, Rye filed a notice of appeal to this Court on Watson's behalf. Rye then moved for an extension of time to file an appellant's brief, which this Court granted. When Rye missed that April 6, 2020, filing deadline, this Court again granted Rye additional time to file an appellant's brief up to March 15, 2021. Rye admits that he never filed a brief on Watson's behalf, yet he told Watson that he did file a brief and was awaiting the Commonwealth's response.

Unbeknownst to Watson, this Court dismissed Watson's appeal in April 2021 for his failure to file an appellant's brief.[2] At some point thereafter, Watson learned that his appeal had been dismissed and, in November 2021,

---

3.130(1.3)), communication with one's client (SCR 3.130(1.4)(a)), and responding to requests for information from the KBA (SCR 3.130(8.1)(b)).

[2] This Court ultimately granted Watson's motion for a belated appeal in May 2022. *See Watson v. Commonwealth*, No. 2019-SC-0595-MR, 2023 WL 6372895 (Ky. Sept. 28, 2023).

Watson filed a motion with the Lyon Circuit Court requesting that the court order Rye to relinquish Watson's client file to him. Rye admits that he did not return Watson's file. Watson then filed a Bar Complaint against Rye, which serves as the basis for his current disciplinary charges. The record suggests that Rye did file a Response to the Bar Complaint, but failed to respond to later correspondence from the OBC requesting additional information not contained in his initial Response. The KBA then charged Rye with five counts of professional misconduct.

Rye now admits that his failure to file an appellant's brief on Watson's behalf constitutes a violation of SCR 3.130(1.3), which states, "A lawyer shall act with reasonable diligence and promptness in representing a client."

Rye admits that when he lied to Watson about having filed an appellant's brief, he violated SCR 3.130(8.4)(c), which states, "It is professional misconduct for a lawyer to . . . engage in conduct involving dishonesty, fraud, deceit or misrepresentation[.]"

Rye admits that when he failed to inform Watson that his appeal had been dismissed he violated SCR 3.130(1.4)(a)(3), which states, "A lawyer shall . . . keep the client reasonably informed about the status of the matter[.]"

Rye admits that he failed to notify Watson of his intention to terminate his representation and that he failed to return Watson's client file to him. Rye admits that this conduct violated SCR 3.130(1.16)(d), which states, "Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable

3

notice to the client, allowing time for employment of other counsel, [and] surrendering papers and property to which the client is entitled[.]"

Finally, Rye admits that when he failed to reply to emails from the OBC regarding information lacking in his Response to his Bar Complaint, he violated SCR 3.130(8.1)(b), which states, "[A] lawyer in connection . . . with a disciplinary matter, shall not . . . knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority[.]"

## II.    ANALYSIS

Pursuant to the negotiated sanctions rule, this Court "may consider negotiated sanctions of disciplinary investigations, complaints or charges prior to the commencement of a hearing before a Trial Commissioner[.]" SCR 3.480(2). "The Court may approve the sanction agreed to by the parties, or may remand the case for hearing or other proceedings specified in the order of remand." *Id.* Both Rye and the OBC agree that Rye's violations of the Rules of Professional Conduct warrant a two-year suspension from the practice of law. This Court agrees with the parties and observes that it has imposed similar sanctions in cases involving similar misconduct committed by attorneys with histories of discipline.

In *Kentucky Bar Ass'n v. Neal*, this Court considered the proper suspension for an attorney, Neal, who faced disciplinary actions in two separate cases. 986 S.W.2d 156, 157 (Ky. 1999). In the first matter, Neal failed to timely file an appellate brief on behalf of his client. *Id.* at 156. The client's case was ultimately dismissed, and rather than tell his client about the

4

dismissal, Neal told his client that "things were fine." Similarly to Rye in this case, Neal violated the Rules of Professional Conduct pertaining to diligence, dishonesty, and client communication. *Id.* at 156–57. In the second matter, Neal failed to file a response to a motion for summary judgment against his client. *Id.* at 157. As a result of Neal's failure to respond, his client's complaint was dismissed. *Id.* When Neal's client attempted to retrieve her client file, Neal failed to return her phone calls. *Id.* When Neal finally relinquished the file to his client, the file was incomplete. *Id.* Similarly to Rye in this case, Neal was found to have violated the Rules of Professional Conduct pertaining to diligence, client communication, and the surrender of the client's papers and property. *Id.* This Court suspended Neal from the practice of law for two years. *Id.*

In *Kentucky Bar Ass'n v. McDaniel*, the attorney, McDaniel, failed to prosecute a federal civil rights case on behalf of his client. 193 S.W.3d 752, 753 (Ky. 2006). The client's case was ultimately dismissed for a lack of prosecution, and McDaniel was alleged to have told his client that the case was "proceeding well," even though he knew that the case had been dismissed. *Id.* McDaniel failed to respond to any communications from the KBA about the resulting disciplinary charges against him. *Id.* Similarly to Rye, McDaniel was found to have violated the Rules of Professional Conduct pertaining to diligence, client communication, dishonesty, and communication with the KBA. *Id.* Also similarly to Rye, McDaniel had a history of prior disciplinary actions, including multiple suspensions from the practice of law. *Id.* at 753. This Court

5

ultimately suspended McDaniel from the practice of law for two years. *Id.* at 754.

In *Kentucky Bar Ass'n v. Leadingham*, the Respondent attorney, Leadingham, was charged with various ethical violations for his failure to prosecute two separate appeals for two different clients. 317 S.W.3d 589, 589–90 (Ky. 2010). In one case, Leadingham properly filed a notice of appeal for his client but failed to file an appellant's brief in the Court of Appeals. *Id.* at 589. As a result, Leadingham's client's appeal was eventually dismissed. *Id.* at 589–90. Similarly to Rye, Leadingham's failure to file an appellate brief on behalf of his client resulted in a charge that Leadingham violated the Rule of Professional Conduct pertaining to diligence. *Id.* at 590. This Court also noted that Leadingham was a "frequent offender," who had previously received multiple suspensions from the practice of law and a public reprimand. *Id.* at 590–91. We again note that, like Leadingham, Rye has a similar history of disciplinary proceedings with the KBA. In *Leadingham*, this Court ultimately rejected the KBA's recommendation that the attorney receive a sixty-one-day suspension and instead suspended him from the practice of law for 181 days. *Id.* at 591.

Having considered the facts underlying Rye's current disciplinary charges, Rye's prior disciplinary history, Rye's participation in the present matter, and the relevant case law, this Court agrees with the parties and concludes that a two-year suspension from the practice of law is an appropriate sanction.

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

1. William David Rye is found guilty of violating SCR 3.130(1.3), SCR 3.130(8.4)(c), SCR 3.130(1.4)(a)(3), SCR 3.130(1.16)(d), SCR 3.130(8.1)(b);

2. Pursuant to SCR 3.380, Rye is suspended from the practice of law in the Commonwealth of Kentucky for a period of two years; and

3. Pursuant to SCR 3.450, Rye shall pay all costs associated with this proceeding, totaling $751.33.

All sitting. All concur.

ENTERED: September 26, 2024.

_____
CHIEF JUSTICE