KENTUCKY BAR ASSOCIATION, Movant,

v.

Terrance M. KEESEE, Respondent.

No. 97–SC–602–KB.

Supreme Court of Kentucky.

Oct. 2, 1997.

Bruce K. Davis, Executive Director, Dale Wright, Kentucky Bar Association, Frankfort, for Movant.

Terrance M. Keesee, Pikeville, for Respondent.

## OPINION AND ORDER

Respondent, Terrance M. Keesee, of Pikeville, was admitted to the practice of law in the Commonwealth of Kentucky on October 17, 1991. Since that time, respondent has been disciplined in the following ways: (1) he was privately admonished for violating SCR 3.130–1.3 and 3.130–1.4(a) and (b) on January 28, 1994; (2) he was publicly reprimanded for failing to earn the required Continuing Legal Education credits in violation of SCR 3.661 on February 16, 1996; (3) he was suspended from the practice of law for two years commencing on February 27, 1997 for seven counts of failing to appear before an ALJ for clients he had agreed to represent under Title IV of the Federal Coalmine Health and Safety Act in violation of SCR 3.130–1.3 and 3.130–1.1, and for one count of knowingly making a false statement of fact to a tribunal in violation of SCR 3.1303.3(a)(1). The Board of Governors of the Kentucky Bar Association recommends that the respondent be disbarred from the practice of law in the Commonwealth of Kentucky.

The current charges against respondent are that he violated SCR 3.130–1.1 by failing to provide competent representation to a client in failing to prepare and file the necessary documents in the client's application for worker's compensation benefits; and it was charged that respondent violated SCR 3.130–1.3 by failing and refusing to take any action on behalf of his client during a two year period.

The respondent had agreed to represent the client in applying for worker's compensation benefits in or around January of 1994. Some two years later, in or around March of 1996, the client learned from the Department of Worker's Claims that respondent had failed to file any documents in the client's behalf, and that the deadline for filing such a claim had passed. The client's attempts to contact the respondent were not successful. Respondent did not answer the client's attempts to contact him, nor did he return the client's records as the client requested.

Respondent is also charged with violating SCR 3.130–8.1(b) by his failure to respond the Kentucky Bar Association complaint filed against him in connection with the charges outlined above. On April 24, 1996 respondent received from the Kentucky Bar Association (KBA)·a certified copy of the client's complaint, and a letter notifying respondent that he had fifteen days to respond to this complaint. Respondent failed to respond to this complaint, or to request an extension. The KBA again wrote respondent on·August 9, 1996 to remind him that he had failed to file a response, and to allow him a week to respond. Respondent still failed to respond to the complaint or to otherwise contact the KBA.

▮▮▮▮ The Board of Governors of the KBA unanimously found respondent guilty of all the charges in connection with these most recent violations. A majority of the Board of Governors voted to disbar respondent. This Court agrees with the findings and recommendations of the Board of Governors that the respondent is guilty of the charges, and that the respondent should be disbarred.

**IT IS THEREFORE ORDERED THAT:**

1. Respondent shall not be allowed to engage in the practice of law, as defined in SCR 3.020, in the Commonwealth of Kentucky until such time as this Court enters an order reinstating his membership in the Kentucky Bar Association.

2. Respondent shall not file an application for reinstatement until expiration of a period of five (5) years after the entry of this order.

3. Any application for reinstatement filed by respondent shall be governed by SCR 3.520, "Reinstatement in case of disbarment," or any subsequent amendment to SCR 3.520.

4. Respondent is directed to pay all costs of this action in the amount of $23.41.

5. Respondent shall comply with the provisions of SCR 3.390 by promptly notifying all courts in which he has matters pending and all clients for whom he is actively involved in litigation and other similar matters of his inability to continue to represent them, and of the necessity and urgency of promptly retaining new counsel. Such notification

shall be by letter duly placed in the United States mail within ten (10) days of the entry of this order, and respondent shall simultaneously provide a copy of all such letters to the Director of the Kentucky Bar Association. Respondent shall promptly return all active files to his clients.

All concur except STUMBO, J., not sitting.

ENTERED: October 2, 1997.

/s/ <u>Robert F. Stephens</u>
Chief Justice