**KENTUCKY BAR ASSOCIATION,**
Complainant,

v.

**Terrance M. KEESEE, Respondent.**

**No. 98–SC–502–KB.**

Supreme Court of Kentucky.

Sept. 3, 1998.

As Amended Sept. 21, 1998.

## OPINION AND ORDER

The Kentucky Bar Association Board of Governors, as a result of charges instigated against Respondent, Terrance M. Keesee, has recommended that he be disbarred from the practice of law in the Commonwealth of Kentucky. There were two separate actions pending against respondent simultaneously. Respondent has been the subject of another disbarment Order rendered by this Court on October 2, 1997. *Kentucky Bar Association v. Keesee,* Ky., 952 S.W.2d 705, 706 (1997). This order is in addition to that one.

Respondent was found guilty of violating Rules: SCR 3.130–1.3 and SCR 3.130–1.4(a), requiring that a lawyer act with reasonable diligence and promptness and that a lawyer keep a client reasonably informed and comply with reasonable requests for information; SCR 3.130–1.15(b), requiring that an attorney deliver to a client or third persons funds to which they are entitled; SCR 3.130–3.4(c), knowing or intentional disobedience of an obligation under the rules of a tribunal; and SCR 3.130–8.3(c), engaging in conduct involving dishonesty, fraud, deceit or misrepresentation. The Board of Governors made these findings by a fifteen to zero vote. As a result of these votes, the Board of Governors concluded that the conduct set forth in the charges lodged by the Inquiry Tribunal constituted the respective violations of the Rules of Professional Responsibility.

On July 2, 1996, the Kentucky Bar Association received a letter from Fannie McKinney, an heir to the estate of Janna McKinney, which complained of misconduct by respondent. Based on this letter and correspondence from John Rosenberg, Director of the Appalachian Research & Defense Fund (Appalred), the following factual scenario was laid out:

Respondent had agreed to act as Ms. McKinney's attorney on a pro bono basis in the matter. Respondent was contacted by a paralegal employed by Appalred who was Ms. McKinney's granddaughter. Barkley Sturgill, the "attorney for the estate," forwarded Ms. McKinney's check and the distribution checks for other heirs to respondent for distribution to the beneficiaries. Respondent refused to distribute to McKinney her share of the estate until he was paid a fee.

At this point the Floyd District Court permitted Mr. Rosenberg to be substituted as

counsel for Mr. Keesee. Mr. Rosenberg sent a letter to respondent stating that under the Appalred program it was inappropriate for respondent to attempt to charge for his services since he had agreed to represent Ms. McKinney as a pro bono client. Respondent failed to respond to this letter. A certified letter to the same effect was sent and returned as "unclaimed."

On July 26, 1996, the Sheriff of Pike County, Charles E. Keesee, was directed to personally serve the documents on respondent Terrance Keesee. Sheriff Keesee was unable to locate respondent Keesee in Pike County. A warning order attorney was appointed and on April 23, 1997, Mr. Keesee was personally served.

On May 15, 1997, respondent was notified by mail that his failure to respond in a timely fashion and his failure to respond to the pending complaint would likely result in the alleged facts being taken as true. Respondent was also informed that his failure to respond to a lawful demand for information could provide a basis for a charge under SCR 3.130–8.1(b). No response was received to this communication.

Respondent was ordered to pay McKinney $589.69, her share in the estate, by the Floyd District Court. 89–P–078, Ky.Dist.Ct., (Floyd County—March 7, 1997). Mr. Rosenberg personally informed respondent of the court's order and a copy of the order was mailed to an address provided by the respondent. No payments were made.

On October 23, 1997, the Inquiry Tribunal charged respondent with five counts of violating the Kentucky Rules of Professional Responsibility.

On November 24, 1997, a show cause hearing was held in Floyd District Court on the complaint of respondent's failure to pay Ms. McKinney. Respondent was served by the Johnson County Sheriff's office who apparently had no difficulty locating respondent. Respondent was present at this hearing. The court continued the hearing until December 12, 1997, so that respondent could be represented by counsel as the court believed that criminal liability was implicated in the action.

On January 15, 1998, the charges of the Inquiry Tribunal were personally served on respondent. Respondent never responded to these charges. On February 13, 1998, an order of submission was entered by the chair of the Inquiry Tribunal. On March 18, 1998 respondent was notified by first class mail that this case was to be heard on March 27, 1998. No response was ever received to this communication.

On June 23, 1998, the Board of Governors adopted the previously discussed facts as true and found respondent guilty of four of the five counts with which he was charged.

Therefore, it is ordered that respondent is hereby disbarred from the practice of law in the Commonwealth of Kentucky.

It is further ordered that in regard to each of the charges:

1) Respondent shall not be permitted to engage in the practice of law in Kentucky until such time as the Supreme Court of Kentucky enters an order reinstating his license and membership in the Kentucky Bar Association.

2) Any application for reinstatement shall be governed by SCR 3.520 or any subsequent amendment thereto regarding reinstatement in case of disbarment.

3) In accordance with SCR 3.450 and SCR 3.480(3), respondent is directed to pay all costs associated with this disciplinary proceeding against him. Upon the finality of this opinion and order execution may issue from this Court for said costs.

4) Pursuant to SCR 3.390, respondent is hereby ordered to provide notice to any clients, if applicable, he currently represents of his inability to provide further legal services, to notify all courts in which he has matters of his pending disbarment and to provide the Director of the Kentucky Bar Association with a copy of all such letters simultaneously to their mailing.

844

This order is in addition to the previous order of disbarment for different rules found in *Keesee*, 952 S.W.2d at 706. Any application for reinstatement may not be filed until the completion of the period of disbarment directed by this Opinion and Order.

All concur.

STUMBO, J., not sitting.

ENTERED: September 3, 1998.

/s/ Robert F. Stephens
Chief Justice