TO BE PUBLISHED

# Supreme Court of Kentucky

## 2014-SC-000111-KB

FINAL DATE 4-29-14 EliAGrouthD

CLIFFORD BRANHAM                                        MOVANT


V.                          IN SUPREME COURT


KENTUCKY BAR ASSOCIATION                               RESPONDENT


## OPINION AND ORDER

Movant, Clifford A. Branham, KBA No. 88852,[1] admits to violating the Kentucky Rules of Professional Conduct and moves this Court to impose the sanction of permanent disbarment. The KBA has no objection to Branham's motion.

## I. BACKGROUND

On December 28, 2009, Branham was suspended from the practice of law for failing to pay a late fee associated with his 2009-10 Bar dues. He has not since been restored to membership.

The Inquiry Commission has charged Branham with three counts of misconduct based upon the allegations contained in KBA file 19993. Counts I

---

[1] Branham was admitted to the practice of law in Kentucky on October 19, 2001, and his bar roster address is P.O. Box 910059, Lexington, Kentucky 40591.

and II stem from criminal proceedings against Branham in Fayette Circuit Court. In that case, Branham pled guilty to four counts of theft by failure to make required disposition of property over $10,000, which were amended down to Class D felonies for failure to make required disposition of property over $500.00 but less than $10,000. *See* KRS 514.070. The indictment alleged that Branham owned a title business, Cornerstone Title Services, Inc., and that he intentionally failed to make required payments to four of his clients. He was sentenced to two years in prison on each count to be run consecutively for a total of eight years. He was also ordered to pay restitution in the amount of $241,812.38 should he be granted parole.

Based on the facts giving rise to Branham's criminal conviction, the Inquiry Commission charged him with two counts of misconduct. Count I charged the Branham violated SCR 3.130-8.4(b), which provides that it is professional misconduct for a lawyer to "commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects." The Commission asserts that Branham violated this rule by committing the crime of theft by failure to make required disposition of property over $500.00 but less than $10,000, to which he pled guilty. Count II charged that Branham violated SCR 3.130-8.4(c), which stated that it is professional misconduct for a lawyer to "engage in conduct involving dishonesty, fraud, deceit, or misrepresentation." The Commission claims that Branham violated this rule by failing to make the required disposition of the funds he took from the clients and converting the funds to his own use.

2

In addition to the two counts of misconduct arising from Branham's criminal conviction, the Inquiry Commission charged Branham with a third count of misconduct relating to his failure to respond to its Charge against him. Count III charged that Branham violated SCR 3.130-8.1(b), which provides that, in connection with a disciplinary matter, a lawyer shall not "knowingly fail to respond to a lawful demand for information." The Commission asserts that Branham violated this rule by failing to respond to the Inquiry Commission's Charge despite receiving a warning that failure to respond could result in additional charges.

Branham admits that his actions were "serious and egregious" violations of the above-stated Rules of Professional Conduct.[2] Therefore, he requests that the Court grant him leave to resign from the KBA under terms of permanent disbarment pursuant to SCR 3.480(3).[3] The KBA has no objection to Branham's motion.

---

[2] In addition to the charges Branham currently faces and Branham's aforementioned suspension for failure to pay his 2009-2010 bar dues in full, the KBA's statement of prior discipline also indicates that Branham received a private admonition on September 4, 2012 for an unauthorized representation of agency after the agency relationship had been terminated. Additionally, Branham was placed on automatic suspension after conviction of a felony on December 7, 2012. The KBA's statement further indicates Branham incurred another suspension on April 25, 2013 for failing to refund an earnest money deposit to a client. Finally, Branham received another private admonition on September 25, 2013 for giving legal advice while suspended.

[3] SCR 3.480(3) provides in pertinent part:

Any member who has been engaged in unethical or unprofessional conduct and desires to withdraw his membership under terms of

## II. DISCIPLINE

Based on his admitted ethical violations, Branham requests that this Court grant him leave to resign from the KBA under terms of permanent disbarment. We agree that Branham's motion to withdraw his membership is appropriate pursuant to SCR 3.480(3). Therefore, it is hereby ORDERED that:

1. Clifford A. Branham is permanently disbarred from the practice of law;

2. In accordance with SCR 3.450, Branham shall pay all costs associated with these proceedings, said sum being $75.25, for which execution may issue from this Court upon finality of this Opinion and Order; and

3. Pursuant to SCR 3.390, Branham shall, within ten (10) days from the entry of this Opinion and Order, notify all clients, in writing, of his inability to represent them; notify, in writing, all courts in which he has matters pending of his disbarment from the practice of law; and furnish copies of all letters of notice to the Office of Bar Counsel.

---

permanent disbarment shall file a verified motion with the Court stating as follows:

   (a) He/she has violated the Rules of Professional Conduct, or his/her conduct fails to comply with those rules, the specifics of which shall be detailed in the motion.

   (b) He/she will not seek reinstatement and understands the provisions of SCR 3.510 and SCR 3.520 do not apply.

   (c) He/she will not practice law in the Commonwealth of Kentucky subsequent to the permanent disbarment order.

Furthermore, to the extent possible, Branham shall immediately cancel and cease any advertising activities in which he is engaged.

All sitting. All concur.

ENTERED: April 17, 2012.

CHIEF JUSTICE