TO BE PUBLISHED

# Supreme Court of Kentucky

2014-SC-000499-KB

KENTUCKY BAR ASSOCIATION                                    MOVANT


V.                              IN SUPREME COURT


DANIEL WARREN JAMES                                    RESPONDENT
KBA Member No. 84052


## OPINION AND ORDER

The Kentucky Bar Association (KBA) moves this Court to find Daniel Warren James guilty of violating Supreme Court Rule (SCR) 3.130-8.4(b) and SCR 3.130-8.1(b). Although the KBA properly served James, he has never formally responded to the charges. In light of his failure to respond to these serious charges, as well as his history of disciplinary action, the KBA recommends James be permanently disbarred. James was admitted to practice law in the Commonwealth of Kentucky on October 17, 1991. His bar roster address is 801 West High Street, Lexington, Kentucky, and his KBA number is 84052.

### I.   BACKGROUND

On December 4, 2012, James pled guilty to the felony charge of Flagrant Non-Support in Laurel Circuit Court. On January 24, 2013, the Laurel Circuit

Court sentenced James to five (5) years in prison, probated for ten (10) years. Additionally, James was ordered to pay restitution of $233,000 through the Laurel County Clerk's Office, at the rate of $800 a month beginning in February 2013.

After learning of the felony guilty plea, the Inquiry Commission filed a formal complaint against James pursuant to 3.160(2) on February 8, 2013. The Inquiry Commission specifically noted SCR 3.130-8.4(b), which states: "It is professional misconduct for a lawyer to: (b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects." The complaint explained to James that he had twenty (20) days to file a response. Additionally, the complaint noted that failure to respond could result in additional allegations pursuant to SCR 3.130-8.1(b).

The Disciplinary Clerk mailed James the complaint via certified mail to two addresses. John Harrens signed for the complaint sent to the bar roster address. The complaint sent to the alternate address was returned as unclaimed. To ensure service, the Fayette County Sheriff's Office personally served James at his bar roster address on April 29, 2013. The KBA notes that James contacted bar counsel on or about August 8, 2013, and stated he planned to file a response. However, he did not do so.

On March 11, 2014, the Inquiry Commission filed a formal charge against James. Count I of the Charge cited misconduct for committing a criminal act reflecting adversely on his honesty, trustworthiness, or fitness

pursuant to SCR 3.130-8.4(b). Count II of the Charge cited a violation of 3.130-8.1(b) for knowingly failing to respond to the Inquiry Commission's February 8, 2013 complaint.

The Disciplinary Clerk sent the Charge to James via certified mail. However, James failed to claim his mail and, on April 21, 2014, the Fayette County Sheriff's Office served James with the Charge at his bar roster address. James failed to respond to the Charge. On June 3, 2014, the Inquiry Commission filed an Order of Submission and submitted the matter to the Board of Governors (Board) as a default case pursuant to SCR 3.210(1).

On August 21, 2014, the Board filed its Findings of Fact, Conclusions of Law and Recommendations with this Court. In addition to the facts set forth above, the Board took note of prior disciplinary actions including private admonitions in 2002 and 2007 and our April 25, 2013, opinion and order suspending James from the practice of law for five years. *See Daniel Warren James v. Kentucky Bar Association*, 2013-SC-000152-KB (Ky. 2013). James's suspension arose from nine different disciplinary proceedings for conduct that included: failing to return unearned fees (SCR 3.130-1.16(d)); charging unreasonable fees for copying files (SCR 3.130-1.5); failing to place client fees into an escrow account (SCR 3.130-1.15(a)); failing to keep client funds separate from his operating funds (SCR 3.130-1.15(a)); altering billing statements (SCR 3.130-8.4(c)); failing to properly maintain an escrow account that would report overdrafts to the Kentucky Bar Association (SCR 3.130-1.15(a)); misappropriating a client's money for personal use (SCR 3.130-8.4(b)

3

and (c)); failing to diligently represent a client (SCR 3.130-1.3)); failing to keep a client informed and failing to respond to requests for information concerning a case (SCR 3.130-1.4(a)); failing to explain matters properly to enable a client to make informed decisions about representation (SCR 3.130-1.4(b)); failing to respond to a client's calls (SCR 3.130-1.4(a)(4)); failing to properly supervise his assistant's conduct to ensure compatibility with his professional obligations (SCR 3.130-5.3(b)); and failing to diligently assess a client's case at the beginning of the representation (SCR 3.130-1.3)).

James admitted his conduct had violated the majority of the cited rules, and he attributed his conduct to discontinuation of medication he was taking for a mental health condition. Thus, as a condition of suspension, James agreed to seek treatment through KYLAP and to continue treatment as needed throughout the suspension period.

With these facts before it, the Board unanimously recommends this Court find James guilty of both current counts and that James be permanently disbarred. In doing so, the Board notes the substantial amount of child support arrearage James amassed over a thirteen year period and his prior disciplinary actions, the majority of which involved misuse of client funds and being nonresponsive to clients and the KBA.

## II.    ANALYSIS

We agree with the Board's recommendation to find James guilty of both Counts listed in the Charge. James failed to respond to the initial complaint and has not responded to the formal Charge, a violation of SCR 3.130-8.1(b).

4

Furthermore, James pled guilty to flagrant non-support, a criminal act that reflects adversely on James's honesty, trustworthiness, and fitness as a lawyer. Therefore, we adopt the Board's recommendation and find James guilty of both Counts.

As to the appropriate discipline, we also agree with the Board's recommendation of permanent disbarment. We recognize that lawyers do not practice law in a vacuum, and, as a result, they often deal with a wide array of mental, emotional, and physical issues. Those issues often arise from and have an impact on a lawyer's ability to practice law ethically. Most lawyers find ways to cope with and address such issues. However, for those who are unable to do so, help is available through KYLAP. James was offered the opportunity to avail himself of this resource but, because he has not responded to the charge or the complaint, we cannot determine if he has done so. Furthermore, his failure to respond has made it impossible for us to determine whether there are any mitigating factors. Therefore, in light of James's past history of discipline and his failure to respond to the current charges, we adopt the KBA's recommendation to permanently disbar James.

In doing so, we note that the Board has not cited us to any cases involving attorney discipline arising from a criminal conviction related to the failure to pay child support. However, we have recognized that, "[i]t is the duty and the responsibility of an attorney as an officer of the court to conduct their personal and professional life in such manner as to be above reproach." *Grigsby v. Kentucky Bar Ass'n*, 181 S.W.3d 40, 42 (Ky. 2005). Failing to pay

5

court ordered child support encompasses several breaches, including: failure to satisfy the statutory obligation of supporting one's child; failure to follow a court order; and violation of the attorney's duty recognized in *Grigsby*.

Part of keeping one's personal and professional life above reproach requires financial propriety. Parents have a statutory obligation to support their children, a breach of which may lead, as it did here, to criminal sanctions. *See* KRS 405.020. We believe that the duty of a parent to support his or her children is no less important than the duty of an attorney to act responsibly when handling client funds, and we have not hesitated to disbar attorneys for mishandling client funds. *See Branham v. Kentucky Bar Ass'n,* 437 S.W.3d 135, 136 (Ky. 2012) (attorney disbarred following conviction for failing to make the required disposition of funds to his clients and converting those funds to his own use); *Kentucky Bar Ass'n v. Klapheke,* 203 S.W.3d 135 (Ky. 2006) (holding disbarment was the appropriate sanction for attorney who failed to submit proceeds from the settlement of a personal injury claim to client, failed to pay medical bills from those proceeds, and failed to respond to disciplinary proceedings). Furthermore, as officers of the court, attorneys have a duty to follow court orders, and we have disbarred attorneys for, in part, failing to do so. *See Kentucky Bar Ass'n v. Keesee,* 973 S.W.2d 842, 842 (Ky. 1998) (attorney disbarred for failing to distribute estate proceeds to heirs pursuant to court order).

James's failure to pay child support is no less egregious than an attorney's misuse of client funds. His actions encompass numerous breaches

6

of his duty to "conduct [his] personal and professional life in such manner as to be above reproach." *Grigsby* 181 S.W.3d at 42. Therefore, permanent disbarment is the most appropriate discipline.

ACCORDINGLY, IT IS ORDERED THAT:

1.  Daniel Warren James, KBA Member No. 84052, is permanently disbarred.

2.  James remains bound by previous orders of this Court to repay clients for mishandling funds.

3.  James shall notify all necessary courts and clients of his disbarment in accordance with SCR 3.390(b). Those notifications shall be made by letter placed in the United States mail within ten (10) days from the date of this Opinion and Order. James shall also simultaneously provide a copy of all such letters to the Office of Bar Counsel. Also, to the extent possible, James shall cancel and cease any advertising activities in which he is engaged;

4.  Pursuant to SCR 3.450, James is directed to pay all costs associated with this disciplinary proceeding, certified to be in the sum of $553.60, for which execution may issue from this Court upon finality of this Opinion and Order.

Minton, C.J.; Abramson, Cunningham, Keller, Noble and Venters, JJ., sitting. All concur.

ENTERED: February 19, 2015.

_____
CHIEF JUSTICE

7