TO BE PUBLISHED

# Supreme Court of Kentucky

## 2015-SC-000250-KB

KENTUCKY BAR ASSOCIATION                    MOVANT

V.                    IN SUPREME COURT

JUSTIN ROSS MORGAN                    RESPONDENT

## OPINION AND ORDER

The Respondent, Justin Ross Morgan,[1] is alleged to have committed three violations of the Rules of Professional Conduct by becoming significantly in arrears on his child-support obligations. A trial commissioner heard the matter, concluded that Morgan was guilty of the charges, and recommended that Morgan be suspended from the practice of law for 90 days. This Court adopts the decision of the Trial Commissioner.

## I. BACKGROUND

The facts are not in dispute. Morgan had a court-ordered child support obligation in the amount of $3,475 per month. In December 2012, he was found in contempt of court for failing to comply with the order. He was given a thirty-day sentence, which was suspended on the condition that he make all his child-support payments. The matter was set for review in the following month. Morgan had not made a payment by that review, and on January 10, 2013, the trial court imposed the thirty-day contempt sentence. Morgan was on

---

[1] Morgan admitted to the practice of law in the Commonwealth of Kentucky in October 1997. His Kentucky Bar Association (KBA) number is 86844 and his bar roster address is P.O. Box 23190, Lexington, Kentucky 40523.

work release while in jail and was thus able to continue practicing law. Nevertheless, he had still not paid his child support when released from custody February 9, 2013. As of September 30, 2013, Morgan's child support arrearage was more than $23,000.

Based on these events, the Inquiry Commission issued a three-count charge against Morgan alleging violations of SCR 3.130-3.4(c)[2] by failing to pay his child support as ordered, SCR 3.130-8.4(b)[3] by failing to comply with the support order to such an extent as to constitute the crime of flagrant non-support under KRS 530.050(2), and SCR 3.130-8.4(c)[4] by failing to pay his child support as ordered.

Morgan responded to the initial charge through counsel (his brother), admitting all the factual allegations but denying that they constituted violations of our ethical rules. When the Inquiry Commission amended its complaint to include exhibits, it served the amended complaint on Morgan's counsel. At that point, his counsel told the trial commissioner that he had been unable to communicate with Morgan. After renewed attempts to contact Morgan failed, his counsel was permitted to withdraw. Subsequent efforts to serve Morgan at his bar roster address also failed, and service was ultimately

---

[2] "A lawyer shall not ... knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists ...." SCR 3.130-3.4(c).

[3] "It is professional misconduct for a lawyer to... commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects ...." SCR 3.130-8.4(b).

[4] "It is professional misconduct for a lawyer to ... engage in conduct involving dishonesty, fraud, deceit or misrepresentation ...." SCR 3.130-8.4(c).

made upon the Executive Director of the KBA under SCR 3.175(2). The record reflects no further contact made between the KBA and Morgan.

The trial commissioner assigned to the case conducted a hearing on the charge in November 2014, and thereafter issued a recommendation that Morgan be suspended for 90 days. In making this recommendation, the trial commissioner noted that the three counts in the charge all stemmed from a single incident: Morgan's failure to meet his child-support obligation. The commissioner also noted there was no evidence of aggravating factors, such as a violation of duties owed to a client, and that Morgan's violations were primarily breaches of duties owed to his family and to the legal system. Finally, the commissioner noted that Morgan "has essentially disappeared" and that he "ha[d] to take into account that the lawyer's mental state is certainly a mitigating factor."

## II. ANALYSIS

No appeal of the trial commissioner's recommendation, as allowed under SCR 3.360, .365, and .370, was sought, either by Morgan or Bar Counsel. As a result, this matter was submitted directly to this Court without going before the Board of Governors. *See* SCR 3.360(4).

The question, then, is whether the trial commissioner's findings and conclusions are supported by the record and the law, and whether the recommended sanction is appropriate in light of the misconduct and Morgan's history of prior discipline, if any. Although he has not continued to defend against the charges, Morgan initially claimed that his admitted conduct did not violate the Rules of Professional Conduct as a matter of law.

3

The first count in the Inquiry Commission's charge alleged that Morgan violated SCR 3.130-3.4(c). That rule provides that "[a] lawyer shall not ... knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists." We agree with the trial commissioner that Morgan did, in fact, violate this rule when he failed to pay his court-ordered child support.

Although Rule 3.4(c) is part of a more general rule aimed at maintaining fair treatment for opposing parties and counsel, this Court has nevertheless held that its requirement that a lawyer not disobey an obligation under a tribunal's rules extends to "circumstances where an attorney violates a court order." *Kentucky Bar Ass'n v. Blum*, 404 S.W.3d 841, 848 (Ky. 2013). And we have expressly stated that failure to pay ordered child support "encompases several breaches," including "failure to follow a court order." *Kentucky Bar Ass'n v. James*, 452 S.W.3d 604, 606 (Ky. 2015); *see also id.* at 607 ("Furthermore, as officers of the court, attorneys have a duty to follow court orders, and we have disbarred attorneys for, in part, failing to do so.").

And this was a significant obligation: Morgan was held in contempt of court and sentenced to thirty days in jail for disobeying it. His refusal to comply with the family court's order violated this rule.

The second count in the Inquiry Commission's charge alleged that Morgan violated SCR 3.130-8.4(b), which states that "[i]t is professional misconduct for a lawyer to ... commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects." Again, we agree with the trial commissioner that Morgan violated this rule by

4

committing flagrant nonsupport. That offense is laid out in KRS 530.050(2), which states in relevant part:

> A person is guilty of flagrant nonsupport when he persistently fails to provide support which he can reasonably provide and which he knows he has a duty to provide by virtue of a court or administrative order to a minor ... and the failure results in:
>> (a) An arrearage of not less than one thousand dollars ($1,000); or
>
>> (b) Six (6) consecutive months without payment of support ....

Flagrant nonsupport is a class D felony. While Morgan has been neither charged with nor convicted of this crime, he admits to being more than $23,000 behind on his child support obligations as of September 2013. Furthermore, "an attorney can be guilty of a violation of SCR 3.130–8.3(b) even in the absence of criminal charges or a conviction." *Kentucky Bar Ass'n v. Greene*, 386 S.W.3d 717, 730 (Ky. 2012) (citing *KBA v. McDaniel*, 205 S.W.3d 201 (Ky. 2006)).

We also agree with the trial commissioner that Morgan's failure to provide support for his two minor children "reflects adversely on [his] honesty, trustworthiness or fitness as a lawyer in other respects." In fact, we recently held that commission of flagrant nonsupport also violated the Rules of Professional Conduct:

> "[I]t is the duty and the responsibility of an attorney as an officer of the court to conduct [his or her] personal and professional life in such manner as to be above reproach." *Grigsby v. Kentucky Bar Ass'n*, 181 S.W.3d 40, 42 (Ky. 2005). Failing to pay court ordered child support encompasses several breaches, including: failure to satisfy the statutory obligation of supporting one's child; failure to follow a court order; and violation of the attorney's duty recognized in *Grigsby*.

> Part of keeping one's personal and professional life above reproach requires financial propriety. Parents have a statutory obligation to support their children, a breach of which may lead ... to criminal sanctions. ... We believe that the duty of a parent to support his or her children is no less important than the duty of an attorney to act responsibly when handling client funds, and we have not hesitated to disbar attorneys for mishandling client funds.

*James*, 452 S.W.3d at 606-07.

The last count of the Inquiry Commission's charge alleged that Morgan violated SCR 3.130-8.4(c), which states that "[i]t is professional misconduct for a lawyer to ... engage in conduct involving dishonesty, fraud, deceit or misrepresentation ...." Morgan admits that he repeatedly failed to pay his child support obligations, even after serving a thirty-day sentence. This Court harbors serious doubt that failure to pay child support reflects dishonesty, fraud, deceit or misrepresentation. There is no allegation that Morgan told a lie or stole; he is only alleged to have not paid the support he is obligated to pay. While such conduct can no doubt become criminal, as discussed above, it is of a different kind from crimes involving deceit or dishonesty.

Were this the only charge, this Court would have to take review of this matter under SCR 3.370(8). At the same time, this Court cannot deviate from the trial commissioner's decision without taking review. SCR 3.370(9) ("If no notice of review is filed by either of the parties, or the Court under paragraph eight (8) of this rule, the Court shall enter an order adopting the decision of the Board or the Trial Commissioner, whichever the case may be, relating to all matters."). And taking review would lead to the drafting and filing of briefs. *See*

6

SCR 3.370(8).[5] As it stands, however, even if this count were dismissed, the other counts would remain, and as described above they are fully supported by the proof. It would be an exercise in futility to take review to dismiss one of several counts and then impose the same sanction. And Morgan himself has not sought review. Rather than waste the resources of the parties and this Court, this Court will decline to accept review based only on this count.

Thus, this Court will accept the trial commissioner's decision as to Morgan's guilt of the charged ethical violations.

For these violations, the trial commissioner recommended Morgan be suspended from the practice of law for ninety days, pointing out that Morgan violated not only duties to his family, but to the legal system and profession as a whole. The Trial Commissioner also noted that all three violations stem from a singular course of conduct—Morgan's repeated failure to pay his child support obligations—rather than from myriad circumstances. The trial commissioner suggested that its recommended ninety-day suspension would not interfere with Morgan's long-term ability to provide for his family. We agree, particularly since neither party has asked this Court for further review.

While Morgan's violations are serious, Morgan does not have a long disciplinary history with the KBA. In fact, his only prior disciplinary matter concerned advertising and resulted in a private reprimand. He also appears to have been suspended recently for failure to pay his bar dues. We understand that all of the current violations are related to Morgan's child support

---

[5] Technically speaking, briefing would not be required, as the rule states the parties *may* file briefs. Practically speaking, however, it is likely that briefs will be filed.

obligations. We do not take this matter lightly, but agree with the trial commissioner that we should not (yet) deprive Morgan of his ability to earn funds with which to support his family through the practice of law for a lengthy time. However, we also point out to him that should he maintain his pattern of habitual nonpayment, the discipline will be much more severe in the event that another complaint on these grounds comes before this Court. We point Morgan to the similar conduct in *Kentucky Bar Association v. James*, 452 S.W.3d 604, 607 (Ky. 2015), which led to permanent disbarment. Of course, we also note that the attorney in *James* had a lengthy history of bar complaints, a significantly greater arrearage, and was convicted of felony flagrant nonsupport. Nevertheless, we re-emphasize our statement that "[w]e believe that the duty of a parent to support his or her children is no less important than the duty of an attorney to act responsibly when handling client funds, and we have not hesitated to disbar attorneys for mishandling client funds." *Id.* at 606–07.

### III. ORDER

Agreeing that the Trial Commissioner's recommendation is appropriate, it is ORDERED that:

1. Justin R. Morgan is found guilty of the violations of the Supreme Court Rules detailed above and is suspended from the practice of law for 90 days for each charge, said suspensions to run concurrently.

2. Pursuant to SCR 3.390, Morgan shall, within ten days from the entry of this Opinion and Order: (a) notify, in writing, all clients of his inability to represent them, and of the necessity and urgency of

8

promptly retaining new counsel; (b) notify, in writing, all courts in which he has matters pending of his suspension from the practice of law; (c) provide a copy of all such letters of notification to the Office of Bar Counsel; and (d) to the extent possible, immediately cancel and cease any advertising activities in which he is engaged.

3. In accordance with SCR 3.450, Morgan is directed to pay all costs associated with these disciplinary proceedings against his, said sum being $341.88, for which execution may issue from this Court upon finality of this Opinion and Order.

Minton, C.J.; Abramson, Cunningham, Keller, Noble, and Venters, JJ., sitting. All concur. Barber, J., not sitting.

ENTERED: August 20, 2015.

CHIEF JUSTICE

9