TO BE PUBLISHED

# Supreme Court of Kentucky

## 2016-SC-000100-KB

KENTUCKY BAR ASSOCIATION                                    MOVANT

V.                          IN SUPREME COURT

JUSTIN ROSS MORGAN                                    RESPONDENT

## OPINION AND ORDER

The Board of Governors of the Kentucky Bar Association has recommended that Justin Ross Morgan (KBA No. 86844), who was admitted to the practice of law in 1997 and whose bar address is P.O. Box 23190, Lexington, Kentucky 40523, be suspended from the practice of law for one hundred eighty-one days, be required to attend Bar Counsel's Ethics and Professionalism Enhancement Program, and be referred to the KYLAP program for ethical violations charged in KBA File No. 23382. We adopt the Board's recommendation.

This matter came before the Board on September 18, 2015, as a default matter under Supreme Court Rule (SCR) 3.210. The Board voted to recommend Morgan guilty of violating SCR 3.130(1.4)(a)(4) and SCR 3.130(1.4)(b). In considering the appropriate penalty for these ethical violations, the Board considered Morgan's prior disciplinary history. In 2010, he received a private reprimand relating to his failure to perform legal services, advertisement for

1

expungement services, and his operation of Clean Slate Expungement Services, LLC, which was not a viable entity. In August 2015, he received a ninety-day suspension after being found in contempt of court for failure to pay child support. And also in 2015, we suspended Morgan for failure to pay bar dues and his non-compliance in satisfying his continuing legal education requirements.

The Board made its recommendations in light of his prior ethical discipline and under full consideration of the facts leading to this particular complaint. Morgan has failed to appear to respond to any of these most recent charges. So we find him guilty of the aforementioned violations and order that he be sanctioned in the manner recommended by a majority of the voting Board members, and we further adopt verbatim the Board's Findings of Fact as follows:

**FINDINGS OF FACT**

Justin Ross Morgan (hereinafter "Respondent") was admitted to practice law in the Commonwealth of Kentucky on October 16, 1997. He maintains a bar roster address of P.O. Box 23190, Lexington, Kentucky 40523. His KBA member number is 89844.

On February 20, 2014, Charlette Schwalbert (hereinafter "Charlette") retained Respondent to represent her son Adam Schwalbert ("Adam") in two criminal proceedings pending in Fayette County and Rowan County.

On January 31, 2014, Adam was charged in Fayette County with Intimidating a Participant in a Legal Proceeding in violation of KRS 524.040 after he allegedly made threatening statements about his Probation Officer to his mother and girlfriend in recorded jail phone calls.

As a result of the Fayette County charge, Adam's probation was revoked in connection with his guilty plea to a criminal matter in Rowan County. Adam had been charged in Rowan County with trafficking in a controlled substance and received a five year sentence, all of which was probated. Adam plead guilty to that charge on July 20, 2012.

Charlette contacted the Respondent about representing Adam in these two matters. On or about February 20, 2014,

2

Charlette met with Respondent to discuss Adam's case. She paid Respondent a retainer of Two Thousand Five Hundred Dollars ($2,500.00) and agreed to make three additional payments of Five Hundred Dollars ($500.00) each until she paid the full fee of Four Thousand Dollars ($4,000.00). Charlette and Respondent signed a letter agreement documenting the terms of the representation of Adam.

On February 20, 2014, Respondent filed an Entry of Appearance on behalf of Adam in the Rowan County case. Additionally, he wrote a letter to the Rowan County Commonwealth Attorney advising that he represented Adam and requested a continuance of the hearing scheduled for his parole revocation. The Rowan Circuit Court continued the hearing to April 14, 2014. In the Fayette County case, Respondent attended a preliminary hearing on March 4, 2014 and continued it to March 25, 2014. He wrote Charlette a letter to advise her of this change on March 4. The record reflects multiple email and text communications between Charlette and Respondent concerning Adam's case until April 7, 2014.

In the Fayette County case, Respondent failed to appear for a hearing scheduled for April 8, 2014. Charlette asserts that she attempted on multiple occasions to contact Respondent but he failed to respond. Charlette eventually contacted the President of the bank in Hazard, Kentucky where Respondent deposited her attorney fee checks. Respondent contacted Charlette shortly thereafter and advised her that he "had a procedure" but that he would take care of Adam's case. Respondent also advised that his brother Jeremy Morgan[1] was an attorney who could also assist in Adam's case. A text message dated April 8, 2014 from Charlette to Adam indicated that she talked with Respondent but that he was in the hospital and that Jeremy Morgan would be in contact with him. Respondent contacted Charlette on one other occasion. Thereafter, Respondent failed to undertake any action on behalf of Adam.

However, the record reveals that Jeremy Morgan undertook representation of Adam. Charlette's Bar Complaint asserts that Jeremy Morgan spoke with Adam, but only "maybe 2 times and usually only minutes before his case." Charlette claims that Jeremy Morgan "took this on pro-bono" but also indicated that Jeremy Morgan requested that she pay the remaining Five Hundred Dollar ($500.00) installment to him prior to his next court date in the Fayette County case.

The record in the Fayette County case reveals that Jeremy Morgan appeared on April 15, 2014 and on April 22, 2014 when the case was waived to the grand jury. Jeremy Morgan appeared on June 2, 2014 at Adam's arraignment after the grand jury

---

[1] Footnote omitted.

indicted him on May 20, 2014. Thereafter, Jeremy Morgan filed a Motion to Dismiss on July 9, 2014 and represented Adam when he changed his plea on July 11, 2014. Jeremy Morgan continued to represent Adam at his Final Judgment and Sentencing on September 4, 2014.

In the Rowan County case, the record reflects that a J. Morgan appeared at the revocation hearing on April 30, 2014. Thereafter, Jeremy Morgan filed a Motion for Shock Probation on October 1, 2014 which contained a lengthy argument as well as supporting affidavits, letters and statements from Adam. The Court ultimately overruled the motion.

Charlette Schwalbert filed her bar complaint against Morgan on December 26, 2014. Service of the Complaint on Morgan by the Fayette County Sheriff's Office was unsuccessful and on March 18, 2015, the Sheriff's Office indicated it could not locate him. Additionally, the Sheriff's Office noted that he no longer appeared to live at his given home address and did not maintain an office at his last known business address in Lexington. So constructive service was completed through serving the Executive Director of the Kentucky Bar Association under SCR 3.175. Repeated attempts to deliver the Inquiry Commission's charge through certified mail were all returned unclaimed.

Morgan was formally charged with six counts of violating the Kentucky Rules of Professional Conduct:

- Count I: SCR 3.130(1.2)(a): "a lawyer shall abide by a client's decisions concerning the objectives of representation and, as required by Rule 1.4, shall consult with the client as to the means by which they are so pursued."

- Count II: SCR 3.130(1.3): "a lawyer shall act with reasonable diligence and promptness in representing a client."

4

- Count III: SCR 3.130(1.4)(a)(3) states, "(a) A lawyer shall: ...(3) keep the client reasonably informed about the status of the matter."

- Count IV: SCR 3.130(1.4)(a)(4) states, "(a) A lawyer shall: ...(4) promptly comply with reasonable requests for information."

- Count V: SCR 3.130(1.4)(b): "a lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation."

- Count VI: SCR 3.130(1.16)(d): "Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law."

The Board voted to recommend finding Morgan guilty of Counts IV and V, and not guilty on all remaining counts. Neither Morgan nor Bar Counsel has filed a notice of review under SCR 3.370(8), nor do we independently elect to review the decision of the Board under SCR 3.370(9), meaning that the decision of the Board is hereby adopted under SCR 3.370(10).

Accordingly, the Court ORDERS:

1) Justin Ross Morgan is guilty of violating SCR 3.130(1.4)(a)(4) and SCR 3.130(1.4)(b), for which he is suspended from the practice of law for one hundred eighty-one days from the date of this Opinion and Order;

2) During this suspension, Morgan must attend Bar Counsel's Ethics and Professionalism Enhancement Program, and be referred to the Kentucky Lawyers Assistance Program;

3) Morgan must notify all courts and clients of his suspension in accordance with SCR 3.390. Those notifications must be made by letter in the United States mail within ten days from the date of entry of this Opinion and Order. Morgan must also simultaneously provide a copy of all notification letters to the Director of the Kentucky Bar Association. Also, to the extent possible, Morgan must cancel and cease any advertising activities in which he is engaged; AND

4) In accordance with SCR 3.450, Morgan is directed to pay all costs associated with these disciplinary proceedings, the sum of $431.18, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: June 16, 2016.

_____
CHIEF JUSTICE

6