RENDERED: NOVEMBER 2, 2017
TO BE PUBLISHED



## Supreme Court of Kentucky

2017-SC-000396-KB

DATE 11/14/17 Kim Redmon, DC

KENTUCKY BAR ASSOCIATION                                    MOVANT

V.                          IN SUPREME COURT

JUSTIN ROSS MORGAN                                         RESPONDENT

## OPINION AND ORDER

Justin Ross Morgan, Kentucky Bar Association (KBA) Number 86844, was admitted to the practice of law in the Commonwealth of Kentucky on October 16, 1997, and his bar roster address is listed as P.O. Box 23190 Lexington, Kentucky 40523. The Board of Governors found Morgan guilty of violating SCR 3.130-1.3, -1.4(a)(4), -1.5(a), -1.16(d), and -8.1(b). For these violations, the Board recommends Morgan: 1) be suspended from the practice of law for one year, to run consecutive to any current suspension; 2) pay his former client $8,500.00 in restitution; and 3) pay all associated costs. For the following reasons, we adopt the Board's recommendation.

## I. BACKGROUND

Christy Justice hired Morgan to represent her in a matter involving child custody and divorce. The proceedings had taken place in Virginia, but Justice

had moved to Kentucky, where she retained Morgan to appropriately register the Virginia orders. Justice initially paid Morgan a $3,500 retainer. A month later, Justice also hired Morgan to represent her in a legal fee dispute with her former counsel in the Virginia divorce case. She paid him an additional $5,000 retainer for that representation. Morgan took no action on Justice's behalf. He neither filed any proceedings nor registered the Virginia orders. Justice was unable to reach Morgan after numerous attempts. Morgan kept Justice's file and all of the paperwork regarding the Virginia action.

Justice filed a complaint with the Client Security Fund, which was converted to a bar compliant. Morgan did not respond. Thereafter, the Inquiry Commission filed a formal charge, which was eventually served upon Morgan through the KBA's Executive Director pursuant to SCR 3.175, after attempts to serve Morgan by certified mail and through the Fayette County Sheriff's Office failed. Morgan did not respond to the charge, and it reached the KBA's Board of Governor's as a default case pursuant to SCR 3.210.

The Inquiry Commission charged Morgan with violating: (1) SCR 3.130-1.3 for failing to act with "reasonable diligence and promptness in representing" Justice; (2) -1.4(a)(4) for failing to "promptly comply with [Justice's] reasonable requests for information"; (3) -1.5(a) for charging an unreasonable fee; (4) -1.16(d) for retaining Justice's file, property, and unearned fee upon the termination of the representation; and (5) -8.1(b) for knowingly failing "to respond to a lawful demand for information from an admissions or disciplinary authority."

2

The Board of Governors (with two members recused), unanimously found Morgan guilty of violating the first four counts of the charge, and found him guilty of the final charge by a vote of twelve-to-two.

## II. BOARD'S RECOMMENDATION

In reaching its recommendation as to Morgan's discipline, the Board considered his prior disciplinary history. In 2010, this Court privately reprimanded Morgan after he failed to perform legal services and advertised for offering expungement services through a limited liability corporation, which was not a viable entity. In 2015, Morgan was suspended for ninety days from the practice of law after he was found in contempt of court for failing to pay child support. Also in 2015, Morgan was suspended for failing to pay his bar dues and fulfill his continuing legal education requirements. Then, most recently, this Court suspended Morgan for 181 days for failing to respond and failing to properly explain matters to his client. In addition to the suspension, we ordered Morgan to attend the Ethics and Professional Enhancement Program (EPEP) and referred him to the Kentucky Lawyer Assistance Program (KYLAP).

Given Morgan's disciplinary history, the Board considered two courses of action in the present matter: a one-year suspension and permanent disbarment. Ultimately, the Board voted eleven-to-three in favor of its current recommendation to suspend Morgan for one year, and order him to repay Justice's $8,500 and to pay the costs of this action.

3

### III. ADOPTION OF BOARD'S RECOMMENDATION

Pursuant to SCR 3.370(9),[1] this Court adopts the unanimous recommendation of the Board given: 1) the significance of Morgan's violations, 2) the fact that he failed to respond to the complaint or charge, and 3) his disciplinary history. Our precedent supports the Board's recommendation. For example, in *Coorssen v. Kentucky Bar Ass'n*, 266 S.W.3d 237 (Ky. 2008), this Court suspended Coorssen from the practice of law for one year, with 181 days to be served and the remainder probated for two years subject to certain conditions, after he failed to return client telephone calls, failed to provide clients with information concerning the status of their cases, failed to return unearned fees, and failed to properly withdraw from a case. While all but 181 days of that suspension was probated, we agree with the Board that, due to Morgan's extensive disciplinary history, he should serve his suspension in full. Agreeing that the Board's recommended sanction is appropriate, it is ORDERED that:

1. Morgan is found guilty of the above-described violations of the Rules of Professional Conduct and thus suspended from the practice of law for one year, to run consecutive to any current suspension; and

2. Morgan is hereby ordered to repay Justice $8,500; and

---

[1] SCR 3.370(9) provides that "[i]f no notice of review is filed by either of the parties, or the Court under paragraph eight (8) of this rule, the Court shall enter an order adopting the decision of the Board or the Trial Commissioner, whichever the case may be, relating to all matters."

3. In accordance with SCR 3.450, Morgan is directed to pay all costs associated with these disciplinary proceedings against him, said sum being $421.87, for which execution may issue from this Court upon finality of this Opinion and Order; and

4. Pursuant to SCR 3.390, Morgan shall, within ten days from the entry of this Opinion and Order, notify all Kentucky clients, in writing, of his inability to represent them; notify, in writing, all Kentucky courts in which he has matters pending of his suspension from the practice of law; and furnish copies of all letters of notice to the Office of Bar Counsel of the KBA. Furthermore, to the extent possible, Morgan shall immediately cancel and cease any advertising activities in which he is engaged.

All sitting. All concur.

ENTERED: November 2, 2017.

CHIEF JUSTICE

5