TO BE PUBLISHED

# Supreme Court of Kentucky

2022-SC-0187-KB

KENTUCKY BAR ASSOCIATION                                                    MOVANT

V.                                    IN SUPREME COURT

JUSTIN ROSS MORGAN                                               RESPONDENT

## OPINION AND ORDER

Respondent Justin Ross Morgan was admitted to the practice of law in the Commonwealth of Kentucky on October 16, 1997. His bar roster address is P.O. Box 23190, Lexington, Kentucky 40523, and his Kentucky Bar Association (KBA) member number is 89844. After a hearing, the Trial Commissioner recommended that Respondent be permanently disbarred from the practice of law. Respondent did not file a response to the KBA's recommendation. After careful review, we adopt the Trial Commissioner's recommendation.

## FACTS AND PROCEDURAL HISTORY

This disciplinary proceeding arises from two underlying Fayette Circuit Court matters. The first, *In Re The Marriage of Patrice P. Morgan, Petitioner, and Justin R. Morgan, Respondent,* is a family court case that resulted in the divorce of Respondent and his former wife. In that case, a January 18, 2006 order set forth Respondent's child support obligation. Respondent challenged

the amount of his child support obligation, citing a decrease in income and his inability to pay, supported by copies of his tax returns, throughout the pendency of the family court case.

Ultimately, Respondent failed to pay child support as ordered by the Fayette Circuit Court. This led to the second underlying matter, *Commonwealth of Kentucky v. Justin Morgan,* wherein Respondent was charged with one count of flagrant nonsupport pursuant to Kentucky Revised Statute (KRS) 530.050(2), a Class D felony. Respondent entered a guilty plea and the court entered a final judgment on June 25, 2020, finding the Respondent guilty of flagrant nonsupport.[1]

On October 20, 2020, the Inquiry Commission issued a two-count Charge against Respondent. Count I charged Respondent with violation of Kentucky Supreme Court Rule (SCR) 3.130(3.4)(c): "[a] lawyer shall not . . . knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists." Count II charged Respondent with violation of SCR 3.130(8.4)(b): "[i]t is professional misconduct for a lawyer to . . . commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects." Both counts are based on Respondent's failure to pay his child support

---

[1] A certified copy of that criminal case was provided by the KBA. Although a certified copy of the family court case was not provided, relevant portions of the family court case were incorporated into the criminal case. The Trial Commissioner took notice of both the family court case and criminal case in reaching her recommendation in this matter.

obligation as ordered by the Fayette Circuit Court and the resulting conviction for flagrant nonsupport.

Respondent filed a Verified Answer in which he admitted each of the facts in the Charge but qualified some admissions by stating that "his failure to pay was the result of financial inability due to a decrease in his income, and the trial judge's refusal to lower his child support when presented with evidence of his decreased income." He also stated that "while he may have knowingly disobeyed the Order, his disobedience was not willful," for the reasons already stated.

The Trial Commissioner scheduled a pre-trial conference on December 13, 2021, and Respondent failed to appear. The Trial Commissioner rescheduled the hearing for later that afternoon. Respondent appeared with counsel and informed the Trial Commissioner that the parties were unable to reach an agreement. The Trial Commissioner entered a Pre-Trial Scheduling Order, and a final pre-trial conference was scheduled for January 24, 2022.

On December 20, 2021, the KBA filed a motion in limine requesting that the Trial Commissioner determine that *res judicata* applied in the disciplinary proceeding to bar relitigating the issue of Respondent's reduced income or inability to pay his child support obligations. Respondent was granted an extension of time to respond to the motion, but never filed a response. On January 14, 2022, the Trial Commissioner entered a Memorandum and Opinion granting the KBA's motion in limine finding that *res judicata* applied to bar relitigation of the amount of child support Respondent should have been

ordered to pay or his guilty plea and resulting felony conviction. Therefore, the only issue reserved for the hearing was the appropriate discipline.

The KBA filed a witness list and an exhibit list. The parties also filed joint stipulations which included the amount of Respondent's child support obligation, Respondent's violations of SCR 3.130(3.4)(c) and SCR 3.130(8.4)(b), and Respondent's child support arrearage as of July 20, 2021 totaling $280,734.80. Respondent did not submit a witness list or exhibit list.

At the hearing, the Trial Commissioner admitted various KBA exhibits: (1) the certified Fayette Circuit Court record of *Commonwealth v. Morgan*, 18-CR-0843; (2) the July 9, 2018 Inquiry Commission complaint; (3) Respondent's response to the Inquiry Commission complaint; (4) the Charge issued by the Inquiry Commission on October 20, 2020; and (5) Respondent's December 1, 2020 verified answer. Respondent did not object to admission of the KBA's exhibits. After admission of the exhibits, the KBA rested its case.

Respondent testified at the hearing. He recalled an instance in which he filed a motion to reduce his child support. After postponing the hearing on his motion, Respondent alleged that opposing counsel nevertheless appeared and the judge altered his time-sharing schedule to require supervised visits and denied his motion to reduce his child support despite Respondent's absence. He also asserted that the only reason he pled guilty to the criminal charge was because he "could not imagine a scenario where [he] would be treated fairly." Respondent also stated that he received information from the KBA in April 2017 or 2018 about reinstatement and, at that time, he was unable to pay the

4

required $8,000 in fees to the KBA. He also testified that he was currently employed as a school counselor. But for his inability to pay the fees to the KBA in 2017 or 2018, he would have attempted to be reinstated.

The KBA argued that Respondent should be permanently disbarred. In his post-hearing brief, Respondent argued for more lenient discipline. Respondent admitted that he did not pay the child support as ordered, but that he was unable to pay and made multiple attempts to reduce the obligation to no avail. The Trial Commissioner reviewed the post-hearing briefs and, in consideration of all the evidence, recommended that Respondent be permanently disbarred from the practice of law. She found that Respondent offered little, if any, evidence of mitigating factors for consideration of the appropriate discipline.

## ANALYSIS

Respondent was admitted to practice law in Kentucky on October 16, 1997, practicing law for nearly thirteen years before having any disciplinary issues. In January 2010, Respondent received a private reprimand for advertising legal services under the name of an LLC. He did not submit the advertisement to the Attorney's Advertising Commission for review, as was required at that time, and he had not incorporated that LLC name with the Secretary of State. He also accepted $275 to assist a client in expunging his criminal record, but he failed to respond to the client's calls.

In January 2015, Respondent was suspended for failing to pay his bar dues and failing to fulfill the minimum continuing legal education

5

requirements.  In August 2015 Respondent was suspended for ninety days for his failure to pay child support.  *Kentucky Bar Ass'n v. Morgan*, 465 S.W.3d 447 (Ky. 2015).  In that case, the Court stated

> "[i]t is the duty and the responsibility of an attorney as an officer of the court to conduct [his or her] personal and professional life in such manner as to be above reproach."  *Grigsby v. Kentucky Bar Ass'n*, 181 S.W.3d 40, 42 (Ky. 2005).  Failing to pay court ordered child support encompasses several breaches, including: failure to satisfy the statutory obligation of supporting one's child; failure to follow a court order; and violation of the attorney's duty recognized in *Grigsby*.

> Part of keeping one's personal and professional life above reproach requires financial propriety.  Parents have a statutory obligation to support their children, a breach of which may lead . . . to criminal sanctions. . . .  We believe that the duty of a parent to support his or her children is no less important than the duty of an attorney to act responsibly when handling client funds, and we have not hesitated to disbar attorneys for mishandling client funds.

*Id.* at 450 (citing *Kentucky Bar Ass'n v. James*, 452 S.W.3d 604, 606-07 (Ky. 2015)).  Further,

> [w]e do not take this matter lightly, but agree with the trial commissioner that we should not (yet) deprive Morgan of his ability to earn funds with which to support his family through the practice of law for a lengthy time.  However, we also point out to him that should he maintain his pattern of habitual nonpayment, the discipline will be much more severe in the event that another complaint on these grounds comes before this Court.  We point Morgan to the similar conduct in *Kentucky Bar Association v. James*, 452 S.W.3d 604, 607 (Ky. 2015), which led to permanent disbarment.  Of course, we also note that the attorney in *James* had a lengthy history of bar complaints, a significantly greater arrearage, and was convicted of felony flagrant nonsupport.

*Id.* at 451.

James, like Respondent, entered a guilty plea to felony flagrant nonsupport.  *James*, 452 S.W.3d at 604-05.  James was sentenced to five

6

years, probated for ten years. *Id.* He was also ordered to pay restitution of $233,000 at a rate of $800 per month. Respondent's arrearage of $280,734.80 as of July 2021 has exceeded the arrearage amount in *James.*

In June 2016, Respondent was suspended for 181 days in *Kentucky Bar Ass'n v. Morgan,* 489 S.W.3d 752 (Ky. 2016). Respondent accepted $4,000 to represent a client in a criminal matter. *Id.* at 753. Less than two months after agreeing to representation, Respondent failed to attend a scheduled hearing and failed to respond to communications from his client's mother. *Id.* Respondent eventually contacted the client's mother to inform her that his brother would take over representation. *Id.* Respondent failed to take any other action on behalf of the client. *Id.* at 754. In addition to a 181-day suspension, Respondent was referred to the Kentucky Lawyer's Assistance Program (KYLAP) and ordered to attend the KBA's Ethics and Professionalism Enhancement Program (EPEP). *Id.* at 755. He did not attend EPEP, and he has never consulted KYLAP. *Id.*

In November 2017, Respondent was suspended for one year after accepting $8,500 to represent a client in two cases and taking no action. *Kentucky Bar Ass'n v. Morgan,* 531 S.W.3d 1 (Ky. 2017). He did not file any pleadings or register the out-of-state custody and divorce orders, which he was hired to do. *Id.* His client was unable to contact him despite numerous attempts, and he kept his client's file and all paperwork. *Id.* Respondent failed to respond to the Bar Complaint, and the case proceeded to the Board of Governors as a default case. *Id.* This Court adopted the unanimous one-year

7

suspension recommendation of the Board given the significance of Respondent's violations, his failure to respond, and his disciplinary history.[2]

In this Court's 2015 opinion regarding Respondent's failure to pay child support, the Court warned of potential consequences if Respondent continued his pattern of habitual nonpayment. "[S]hould he maintain his pattern of habitual nonpayment, the discipline will be much more severe in the event that another complaint on these grounds comes before this Court." *Morgan*, 465 S.W.3d at 451. Despite Respondent's assertions that he was financially unable to afford his child support obligations and numerous attempts to reduce those obligations, Respondent was put on notice that continued nonpayment would result in serious consequences.

In addition to Respondent's disciplinary history, similarity to *James*, 452 S.W.3d at 604, and the express 2015 warning from this Court, the KBA also points to aggravating factors. American Bar Association (ABA) Standards for Imposing Lawyer Sanctions include numerous aggravating factors present in this case: (1) prior disciplinary offenses; (2) a pattern of misconduct; (3) multiple offenses; (4) refusal to acknowledge the wrongful nature of his conduct; (5) substantial experience in the practice of law; and (7) indifference in making restitution.

---

[2] In his post-hearing brief, Respondent stated that he was unrepresented and failed to appear in all but one of his past disciplinary cases, "presumably because he was not aware of the proceeding." In the first proceeding, Respondent's counsel was permitted to withdraw because he was unable to contact Respondent. As a result, Respondent states he had no notice of that proceeding and made no defense.

We also consider Respondent's conviction for flagrant nonsupport. In disciplinary proceedings, the fact of a criminal conviction "forecloses further inquiry into the issue of respondent's guilt or innocence of the [criminal] offense." *KBA v. Lester*, 437 S.W.2d 958, 959 (Ky.1968). The Court is troubled by Respondent's repeated misconduct and nonsupport. In light of the evidence of record, we agree with the Trial Commissioner's recommendation of permanent disbarment.

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

1. Respondent, Justin Ross Morgan, is permanently disbarred from the practice of law.

2. In accordance with SCR 3.450, Morgan is directed to pay all costs associated with these disciplinary proceedings against him, said sum being $564.14, for which execution may issue from this Court upon finality of this Opinion and Order; and

3. Pursuant to SCR 3.390, Morgan shall, within ten (10) days from the entry of this Opinion and Order, notify all clients, in writing, of his inability to represent them; notify, in writing, all courts in which he has matters pending of his disbarment from the practice of law; and furnish copies of all letters of notice to the Executive Director of the Kentucky Bar Association. Furthermore, to the extent possible, Morgan shall immediately cancel and cease any advertising activities in which he is engaged.

All sitting.  All concur.

ENTERED:  August 18, 2022.

_____
CHIEF JUSTICE